In the Matter of Martha MANLEY a/k/a Martha Samuels, Bankrupt.

HOUSEHOLD FINANCE CORPORATION, Plaintiff,

v.

Martha MANLEY a/k/a Martha Samuels, Defendant.

Bankruptcy No. 78 B 1571.

United States Bankruptcy Court, S. D. New York.

Feb. 27, 1980.

Seymour R. Weinick, New York City, for plaintiff.

Irving J. Panzer, New York City, for defendant.

## MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

In an adversary proceeding commenced by the plaintiff, Household Finance Corporation ("HFC"), under Bankruptcy Act § 17a(2),[1] to determine the dischargeability

---

**26.** *George A. Davis, Inc. v. Camp Trails Co.,* 447 F.Supp. 1304, 1308 (E.D.Pa.1978).

**1.** 11 U.S.C. § 35a(2).

The five basic elements that must be proved by plaintiff in such adversary proceeding alleging the bankrupt's obtaining of money on false

representations are: "(1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as the proximate

of a debt allegedly owed to it by the defendant, Martha Manley ("bankrupt"), HFC has moved to strike several of the bankrupt's responses to HFC's Request for Admissions.[2]

The pertinent requests in HFC's "Notice to Admit" are as follows:

"4. That after crediting the Defendant's account with unearned interest and all payments, the balance remaining thereupon is $2,480.48 with interest from February 12, 1978.

"5. That the defendant, on the date 'Exhibit A' [bankrupt's financial statement] was completed, executed and delivered, was indebted to:

a. Municipal Credit Union.

"6. That on the date 'Exhibit A' was completed, executed and delivered, the defendant was indebted to [Municipal Credit Union] . . . in substantially the amounts [sic] hereinafter set forth:

a. $1,700.00

"7. That at the time of Household Finances Corporation's loan, the defendant was obligated to pay:

a. Rent $150.00 per month.

b. Payment to Municipal Credit Union $100.00 per month.

c. Payment to Household Finance Corporation $73.56 per month.

d. Macys [sic] $44.00 per month."

The bankrupt's "responses" to these requests were that she did not have sufficient information to admit or deny the above-quoted requests and that HFC was in a better position than the bankrupt to obtain the information sought to be admitted.

It is clear that the bankrupt's responses do not comply with Rule 36.

In pertinent part Fed.R.Civ.P. 36(a) provides:

"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he *has made reasonable inquiry* and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. . . ."[3]

■ Accordingly, the bankrupt's responses, grounded merely upon insufficient information, without a showing that reasonable inquiry was made, by the express provisions of Rule 36, are inadequate.

■ We are satisfied, as well, that the bankrupt fares no better to the extent that her responses to the requests here are based upon her conclusory contention that the information requested is as readily, if not more, available to HFC as to it is to the bankrupt. As the Court observed, in holding a similar response inadequate in *Webb v. Westinghouse Electric Corp.,*[4]:

"The purpose of requests for admissions is not necessarily to obtain information, but to narrow the issues for trial."[5]

■ Where, as here, the Court has determined that the responses here do not comply with the Rule, Rule 36 grants discretion to the Court to order either that the requests are admitted or that an amended answer be served. However, since we are told that "exceptions to discharge are to be narrowly construed"[6], the bankrupt should first be given an opportunity to serve amended responses to the requests here.

Accordingly, for the foregoing reasons it is therefore

ORDERED that HFC's instant motion to strike be, and it hereby is granted in the event that the bankrupt fails to file in writing on or before 5:00 p. m. on March 10, 1980, proper answers in accordance with the

---

result of the representations having been made." *Matter of Nelson,* 561 F.2d 1342, 1346 (9th Cir. 1977) (citations omitted).

2. Requests for Admissions are governed by Fed.R.Civ.P. 36. This Court's procedural mate to that rule is Bankruptcy Rule 736, 411 U.S. 1082.

3. Emphasis supplied. See also *Alexander v. Rizzo*, 52 F.R.D. 235, 236 (E.D.Pa.1971).

4. 81 F.R.D. 431 (E.D.Pa.1978).

5. *Id.* at 436.

6. *Danns v. Household Finance Corp.*, 558 F.2d 114, 116 (2d Cir. 1977).

requirements of Fed.R.Civ.P. 36. In default of such filing, the facts stated in HFC's request for admission shall be deemed to be admitted.