**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Appellee,**

v.

**CARLS DRUG COMPANY, INC., Carl A. Panasci, Individually and Officially, and Ernest M. Pelli, Individually and Officially, Appellants.**

**No. 905, Docket 82–6270.**

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1983.

Decided Feb. 22, 1983.

Filed March 22, 1983.

Vincent J. Rossi, Jr., Utica, N.Y. (Richard O.C. Kehoe, Kehoe & Murane, Utica, N.Y.), for appellants.

Barbara E. Kahl, Dept. of Labor, Washington, D.C. (Manuel Del Valle, Dept. of Labor, New York City), for appellee.

Before OAKES, and NEWMAN, Circuit Judges, and TENNEY, District Judge.*

OAKES, Circuit Judge:

The Secretary filed suit against Carls Drug Company, Inc. (Carls) in May of 1980, alleging, inter alia, violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1976) & Supp. V 1981), by Carls' overtime pay policies for its pharmacist employees. Notice was served and an answer filed. In May of 1981, the Secretary filed a Request for Admission of Facts under Federal Rule of Civil Procedure 36(a). These issues are deemed admitted unless a response or objection is filed within thirty days after service of the request, though not sooner than forty-five days after service of the summons and complaint. Carls failed to respond to the request or otherwise to defend in this action until December of 1981 when the Secretary moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). Carls then filed a motion to permit late filing of a response to the Request for Admission, as well as affidavits and exhibits opposing the motion for summary judgment. This appeal is taken from the decision and order of the United States District Court for the Northern District of New York, Howard G. Munson, Chief Judge, denying defendants' motion for relief from default admissions and granting the Secretary of Labor's motion for partial summary judgment and, thereby, injunctive relief sought by the Secretary.

■ 1. *Admission.* Carls has plainly made Rule 36(a) admissions. These may be used for Rule 56 summary judgment. *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2 Cir.1966); *United States v. Natale*, 99 F.Supp. 102, 103 (D.C.Conn.1950); *San Lorenzo Nursery Co. v. Western Carloading Co., Inc.*, 91 F.Supp. 553, 555 (S.D. N.Y.1950). Under Rule 36(b), the decision to excuse the defendant from its admissions

---

* Of the Southern District of New York, sitting by designation.

is in the court's discretion. "[T]he court *may permit* withdrawal [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Fed.R. Civ.P. 36(b) (emphasis added). Thus, the court has the power to make exceptions to the Rule only when (1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result. Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule. *See Moosman, supra,* 358 F.2d at 688. Vesting such power in the district court is essential for Rule 36 admissions effectively to narrow issues and speed the resolution of claims. *See* Developments in the Law— Discovery, 74 Harv.L.Rev. 940, 969–70 (1961).

2. *Work Records.* It should be sufficient that Carls has admitted that it is an employer subject to FLSA and has failed to pay its pharmacists the overtime pay clearly due to them. Our confidence in the district court's decision to rely on the admissions is reinforced by examination of Carls' work records because these suggest that Carls would not have improved its "presentation of the merits of the action" had it been released from its admissions. Furthermore, the work records could form an independent basis for denying Carls' claim to the "professional employee" exception.

■ Carls has the burden to show that its workers fall into an FLSA exception. *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960). Pharmacists paid an hourly rate and not a salary are not "professional employees" exempt from FLSA under 29 C.F.R. § 541.-3(e). *Usery v. Associated Drugs, Inc.,* 538 F.2d 1191, 1194 (5th Cir.1976); *Retail Store Emp. Union, Loc. 400 v. Drug Fair Community Drug Co.,* 307 F.Supp. 473, 478 (D.D.C. 1969). Carls' payroll data clearly show that pharmacists were paid according to an hourly rate and that this hourly amount was the amount deducted for each hour of work missed. A salaried professional employee may not be docked pay for fractions of a day of work missed. Wage Hour Administrator's Opinion Letter, Dec. 7, 1966, Lab.L.Rep. (CCH) ¶ 30,543 (November 1966 —March 1969). Carls' pharmacists worked a 41.5 hour week. Divided by either a five ( = 8.3) or six ( = 6.9) day work week, Carls' figures, which include numerous irregular deductions, cannot be squared with the regulation. At *best,* Carls' work records are subject to the tortured interpretation that the two co-pharmacists at each store divided their days irregularly and that this produced the uneven pay scales. Such a rationalization falls far short of satisfying the heavy burden on those who seek FLSA exceptions.

■ 3. *Willful violation.* Employers "willfully" violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements. *See Marshall v. Erin Food Services, Inc.,* 672 F.2d 229, 231 (1st Cir.1982); *Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir.1974); *Coleman v. Jiffy June Farms, Inc.,* 458 F.2d 1139, 1142 (5th Cir. 1971), *cert. denied,* 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972); *Marshall v. Sam Dell's Dodge Corp.,* 451 F.Supp. 294, 305 (N.D.N.Y.1978). There is no separate requirement that employers know that they have violated a specific provision of the Act because such a rule would encourage employers to remain ignorant of FLSA rather than energetically to comply with it. Thus, "neither a good faith belief in the lawfulness of his wage and overtime regulations nor complete ignorance of their invalidity shield the employer from the additional year of liability." *Brennan v. Heard, supra,* 491 F.2d at 3. Had Congress intended to allow such a good faith defense to § 255(a), we judge that it would have done so explicitly as it did for the liquidated damages penalty of 29 U.S.C. § 260. ("In any action ... to recover ... unpaid overtime compensation ... under the Fair Labor Stan-

dards Act . . . , if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith . . . the court may, in its sound discretion, award no liquidated damages.")

It is irrelevant that earlier investigations of Carls did not result in prosecution for the pharmacists' pay. *See Marshall v. Sam Dell's Dodge Corp., supra,* 451 F.Supp. at 300, 305. Every FLSA investigation cannot be a thorough shakeout of an employer's enterprise. But while individual investigations may only focus on portions of a business, each investigation will put the employer on notice that the business is subject to FLSA, independently triggering the willfulness rule and, if the law proceeds as it should, prompting the employer to examine his own business in light of FLSA and to comply with the law. Where the employer fails to comply with the law despite notice that it applies, an added year's liability for violations is the penalty.

Judgment affirmed.

Lumbard, Circuit Judge, filed dissenting opinion.