907 F.2d 20
 29 Wage & Hour Cas. (BN 1385, 116 Lab.Cas. P 35,376
 Donald WHITMORE, Both individually and as President of the
Port Authority Police Benevolent Association, Inc., the Port
Authority Police Benevolent Association, Inc., and John Doe
(a fictitious name representing the consenting plaintiffs
annexed to the Complaint), Plaintiffs-Appellants,
v.
The PORT AUTHORITY OF NEW YORK & NEW JERSEY, the Port
Authority Police Department, and Stephen Berger,
Executive Director of the Port Authority
of New York and New Jersey,
Defendants-Appellees.
 No. 895, Docket 89-9093.
 United States Court of Appeals,
Second Circuit.
 Argued May 17, 1990.
Decided June 25, 1990.
 
 Michael C. Axelrod, Mineola, N.Y. (Axelrod, Cornachio & Famighetti, of counsel), for plaintiff-appellant Whitmore.
 Kathleen M. Collins, New York City, (Joseph Lesser, Arthur P. Berg, Richard D. Williams, of counsel), for defendants-appellees.
 Before OAKES, Chief Judge, and PIERCE, and PRATT, Circuit Judges.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 Donald Whitmore, acting individually and as president of the Port Authority Police Benevolent Association, Inc., the association itself, and some 1,000 consenting members of the association, appeal from a judgment of the United States District Court for the Southern District of New York, Robert P. Patterson, Jr., Judge, dismissing plaintiffs' Fair Labor Standards Act suit for overtime pay, and holding that the individual plaintiffs are "hourly rate employees" within the meaning of 29 C.F.R. Sec. 778.110 (1989). For the reasons that follow, we affirm the judgment of the district court.BACKGROUND
 
 
 2
 On April 16, 1986, the Port Authority of New York and New Jersey instituted a bi-weekly work schedule under which officers would work 86 hours; any overtime worked in excess of this 86 hour cycle was to be paid at a rate of one and one-half times the officer's regular rate, as required by 29 U.S.C. Sec. 207 (1989). The Port Authority has calculated the officers' "regular rate" by taking the total amount that the officer earned during a two-week period and dividing it by the number of hours the officer actually worked, normally 86.
 
 
 3
 Donald Whitmore, the President of the Port Authority Police Benevolent Association, commenced this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. Secs. 201-219 (1978), claiming that he and approximately 1,000 other Port Authority police officers who were employed from April 15, 1986 to the present were entitled to additional overtime compensation because the Port Authority had miscalculated their regular rate of pay. According to Whitmore, the officers' regular rate of pay should be calculated by dividing the total amount they earned by the number of hours the salary is intended to compensate, i.e., 80 hours, which is two times the standard 40-hour weekly base usually attributed to "salaried employees".
 
 
 4
 The action was originally assigned to Judge Louis Stanton, before whom the parties resolved a number of issues. The case was reassigned to Judge Robert P. Patterson, Jr., who, in a memorandum and order dated July 5, 1989, concluded that the officers were "hourly rate" employees within the regulations promulgated under the FLSA and that therefore the Port Authority had correctly calculated their overtime pay.
 
 DISCUSSION
 
 5
 This appeal presents only one disputed question: are the police officers salaried or hourly employees? The answer determines the number of work hours--80 if salaried, 86 if hourly--that should be used in calculating overtime pay. The correct number of hours, when divided into the employee's salary for the two-week pay period, produces what the regulations refer to as a "regular rate" of pay (29 C.F.R. Sec. 778.109 (1989)). This regular rate is then multiplied by one and one-half to compensate the employee for each overtime hour worked.
 
 
 6
 Salaried employees are defined as workers who receive "a predetermined amount constituting all or part of * * * [their] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. Sec. 541.118(a) (1989). Hourly employees are those who are "employed solely on the basis of a single hourly rate." 29 C.F.R. Sec. 778.110 (1989). While an employer may dock a salaried employee when the employee misses a day of work for personal reasons, this would not change the employee's status as "salaried". 29 C.F.R. Sec. 541.118(a)(2)-(3) (1989). However, "[a] salaried professional employee may not be docked pay for fractions of a day of work missed." Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir.1983) (citation omitted). Accordingly, if an employee can be docked for fractions of a workday missed, then that employee is an hourly, not a salaried, employee.
 
 
 7
 The district court concluded, based on an affidavit of a Port Authority official, that the Port Authority police officers had been docked for fractions of workdays that they had missed. Plaintiffs offered the district court no evidence to counter this fact. The district court therefore concluded that they were hourly employees and that their regular rate of pay was properly determined by the number of hours, usually 86, that they had actually worked.
 
 
 8
 Plaintiffs now intimate that this practice violates the officers' collective bargaining contract, but they failed to present any evidence in support of this claim to the district court. Accordingly, the district court's conclusion, based as it is on uncontroverted evidence, was correct. It certainly was not clearly erroneous.
 
 
 9
 An employee's "regular rate" of pay under the FLSA "cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract." 29 C.F.R. Sec. 778.108 (1989). "What happens" under an employment contract is a factual matter that is governed by the "clearly erroneous" standard of Fed.R.Civ.P. 52(a). The issue on appeal was the centerpiece of the case before the district court; the district court invited briefs on this particular question; and both sides had an opportunity to present whatever evidence that they had. Were we to apply any standard other than that of "clearly erroneous", we would have reduced the district court proceeding to a "tryout on the road" rather than "the main event"--a scenario that the Supreme Court finds unacceptable. Anderson v. Bessemer City, 470 U.S. 564, 573-75, 105 S.Ct. 1504, 1511-12, 84 L.Ed.2d 518 (1985).
 
 
 10
 Affirmed.
 
 PIERCE, Senior Circuit Judge, dissenting:
 
 11
 As a threshold matter, this case involves a decision as to which regulation should inform a determination of the method by which an employee subject to the FLSA is paid. In concluding that the employees at issue herein are paid on an hourly basis, both the district court and the majority rely on the discussion of salaried employees found in 29 C.F.R. Sec. 541.118(a). Because I believe that provision is inapplicable, I dissent.
 
 
 12
 Title 29 U.S.C. Sec. 213(a)(1) provides that "any employee employed in a bona fide executive, administrative, or professional capacity" is exempt from the overtime provisions of the FLSA. Under 29 C.F.R. Part 541, whether an employee is employed in an executive, administrative, or professional capacity depends, in part, upon the amount of "salary" which (s)he receives. See id. at Sec. 541.1(f) ("executive"); id. at Sec. 541.2(e) ("administrative"); id. at Sec. 541.3(e) ("professional"). Whether an employee is "paid 'on a salary basis,' " for the purposes of these provisions, is defined in 29 C.F.R. Sec. 541.118. Cf. id. at Sec. 541.212 (incorporating Sec. 541.118's definition of "salary" in context of administrative employees); id. at Sec. 541.312 (incorporating Sec. 541.118's definition of "salary" in context of professional employees).
 
 
 13
 Section 541.118 appears to pertain only to whether an employee is employed in an executive, administrative, or professional capacity and thus is exempt from the FLSA's overtime provisions. The statement at the beginning of Sec. 541.118--that "[a]n employee will be considered to be paid 'on a salary basis' within the meaning of the regulations "--does not establish that that section's definition of salary should be applied to the calculation of overtime compensation under 29 C.F.R. Part 778. Rather, in my view, Sec. 541.118 is directed to the topic being addressed in Part 541, to wit: "DEFINING AND DELIMITING THE TERMSRMS 'ANY EMPLOYEE EMPLOYED IN A BONA FIDE EXECUTIVE, ADMINISTRATIVE, OR PROFESSIONAL CAPACITY ...' ".
 
 
 14
 Assuming that an employee is not employed in an executive, administrative, or professional capacity, I believe that one turns to Sec. 778.107 et seq. to compute any overtime pay to which that employee is entitled. The absence of definitions in Sec. 778.109, which sets forth several traditional methods of compensation, seems to support a "plain meaning" approach in defining the terms used therein. Under such an approach, the fact that the Port Authority's employees are docked for tardiness is no more determinative of their method of pay than the fact that they do not punch a time clock. Merely because their compensation can be reduced to an hourly rate does not establish that these employees are "employed solely on the basis of a single hourly rate" as required under Sec. 778.110. See 29 C.F.R. Sec. 778.109 (1989).