89 F.3d 826
 76 A.F.T.R.2d 95-7769
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eshagh ESHAGHIAN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-4012.
 United States Court of Appeals, Second Circuit.
 Nov. 15, 1995.
 
 1
 Appeal from the Tax Court of the United States.
 
 
 2
 Appearing for Petitioner: Howard L. Mann, Schwartzman Weinstock Garelik & Mann, N.Y., N.Y.
 
 
 3
 Appearing for Respondent: Andrea R. Tebbets, Tax Div., Dep't Just., Wash., D.C.
 
 
 4
 U.S.T.C.
 
 
 5
 AFFIRMED.
 
 
 6
 Before AMALYA L. KEARSE and RALPH K. WINTER, Circuit Judges, and MILTON POLLACK, District Judge*.
 
 
 7
 This cause came on to be heard on the transcript of record from the United States Tax Court, and was argued by counsel.
 
 
 8
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the decisions of the Tax Court be and they hereby are affirmed substantially for the reasons stated in Judge Laro's oral decision of May 18, 1994. The Tax Court recognized that it had discretion under Tax Court Rule 90(f) to decide whether to grant petitioner relief from his failure to respond to respondent's request for admissions. See generally Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir.1983) (interpreting similar provision of Fed.R.Civ.P. 36(b)). The circumstances of petitioner's failure to respond included the fact that when the Commissioner reminded petitioner's counsel that there had been no response to the request for admissions, counsel stated that if there were to be a response it would be an admission. Such an admission was also consistent with other characterizations of the property by petitioner during the course of the litigation. In light of, inter alia, (a) these circumstances, (b) respondent's need for additional discovery, including third-party discovery, if respondent were required to litigate the matters deemed admitted by the failure to respond, (c) the lateness of petitioner's application for relief from that failure, and (d) the fact that petitioner made at best a minimal offer of proof that the property in question was held for use in a trade or business, the Tax Court did not abuse its discretion in concluding that the presentation of the merits of the case would not be subserved and that respondent would be unduly prejudiced if the deemed admissions were allowed to be withdrawn. The court's denial of reconsideration was similarly well within the scope of its discretion. See, e.g., LaBow v. Commissioner, 763 F.2d 125, 129 (2d Cir.1985).
 
 
 9
 In light of the admissions and the other evidence in the record, the Tax Court's ruling that petitioner was not entitled to net-operating-loss carryforwards was not erroneous. The ruling that petitioner had not validly made the carryforward election was error, but the error was harmless in light of the correct ruling that petitioner was not entitled to make that election.
 
 
 10
 We have considered all of petitioner's contentions and have found them to be without merit. The decisions of the Tax Court are affirmed.
 
 
 
 *
 Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation