**John O'NEILL, Plaintiff,**

**v.**

**Allan MEDAD and Richard Myron, Jointly and severally, Defendants.**

**No. 94–CV–71175–DT.**

United States District Court, E.D. Michigan, Southern Division.

April 1, 1996.

Roger D. Young, Anthony P. Cho, Steven Susser, Young & Associates, P.C., Southfield, MI, for plaintiff.

Anthony J. Rusciano, Plunkett & Cooney, P.C., Detroit, MI, for defendants.

## *OPINION*

GILMORE, District Judge.

The issues before the Court are whether a request for admissions is considered discovery for purposes of discovery scheduling dates and whether the Court will permit withdrawal of default admissions on Defendant's Motion pursuant to Federal Rule of Civil Procedure 36(b).

For the reasons set forth below, the Court holds that a request for admissions is not a general discovery device and is therefore not subject to discovery cutoff dates.

The Court further holds that although Defendants have filed a Motion to Withdraw or Amend pursuant to Fed.R.Civ.P. 36(b), the Court relies on Fed.R.Civ.P. 36(a) in its decision to affirm the default admissions. Accordingly, Plaintiff's Motion to affirm admissions is **GRANTED,** and Defendants' Motion to amend or withdraw admissions is **DENIED.**

## I. BACKGROUND

### A.

Plaintiff John O'Neill served Defendants Allan Medad and Richard Myron with a First Request for Admissions on the discovery cutoff date of September 15, 1995. Defendants did not respond within the thirty days required by Federal Rule of Civil Procedure 36(a). Defendants did not object to the request, nor file any other motions regarding the request for admissions.

Thereafter, Plaintiff sent Defendants a letter on October 24, 1995, confirming their position that the responses to the request for admissions were past due. Defendants responded by letter on October 27, 1995 that the request for admissions was untimely and therefore required no response.[1]

---

1. Defendants October 27 letter reads, in relevant part:

This is to confirm the position of the Defendants which I mentioned to you in the telephone conversation which we had on Friday,

Plaintiff filed a Motion to affirm admissions on November 10, 1995, arguing that pursuant to Fed.R.Civ.P. 36(a), the admissions were deemed admitted by default, and the Court should thus affirm the admissions. Defendants responded on November 22, 1995, arguing that because the request for admissions was filed untimely, they were not required to respond. In addition, at the final pretrial conference on November 28, 1995, Plaintiff brought up the argument that a request for admissions is not considered a discovery device and is therefore not subject to discovery cutoff dates.

In response, Defendants argued that if the Court accepted Plaintiff's argument, they should be allowed to withdraw any admission deemed admitted due to their failure to respond, and they should be permitted to file late responses. The parties formalized their positions by motion, which the Court has considered carefully.

**B.**

This Court's discovery scheduling order sets cutoff dates for discovery motions, discovery and dispositive motions. Additionally, the final pretrial order is due approximately one week prior to the final pretrial conference. In this case, the discovery motion cutoff date was August 15, 1995, and the discovery cutoff date was September 15, 1995. The final pretrial order was due November 21, 1995, and the final pretrial conference was held on November 28, 1995.

Defendants contend that Plaintiff's requests for admissions should have been filed by the discovery motion cutoff date of August 15. In the alternative, they argue that the request for admissions should have been filed in advance of the discovery cutoff date so that their responses could have been completed by that date. At the very least, Defendants argue that the requests should have been received by the discovery cutoff date. Defendants also assert that they did not respond to the request for admissions because in so doing, they would have violated the Court's scheduling order by conducting discovery past the cutoff date.

For the following reasons, the Court rejects all of Defendants' arguments.

**II. REQUESTS FOR ADMISSIONS**

■ The Sixth Circuit has found that "[r]equests for admissions are not a general discovery device." *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198 (6th Cir. 1986), quoting *Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n. 23 (1970)*. According to *Wright & Miller*, Rule 36 is not a discovery device at all because it assumes that the party proceeding under it already knows the fact or has the document and merely seeks the opposing party to authenticate its genuineness. *Id.*

■ The two purposes of a request for admissions are to allow elimination of contested issues from a case prior to trial and to avoid including extraneous evidence regarding issues not in dispute and which can be developed by the process provided for in Rule 36. *Hurt v. Coyne Cylinder Company*, 124 F.R.D. 614 (W.D.Tenn.1989).

■ In fact, requests for admissions are similar in nature to a pretrial order, which narrows issues and eliminates those issues with which there is no dispute. *In re Carousel Candy Co., Inc.*, 38 B.R. 927 (Bankr. E.D.N.Y.1984).

Therefore, Plaintiff need not have submitted requests for admissions by the August 15 discovery motion cutoff date or by the discovery cutoff date of September 15 because requests for admissions are distinct from other general discovery devices and are not subject to discovery cutoff dates. Simply because Rule 36 is included in the section of rules governing discovery is not enough reason to restrict the use of requests for admis-

---

October 20, 1995. Defendants believe that the Request For Admissions which you forwarded are untimely.
The Order Granting Joint Motion to Amend Scheduling Order which was entered by Judge Gilmore on July 25, 1995, provided that all discovery must be completed by September 15,

1995. Plaintiff's First Request for Admissions to Defendant were apparently mailed by your office on September 15, 1995 and did not arrive at my office until Tuesday, September 19, 1995. Under the Circumstances, the Requests for Admissions are untimely and do not have to be answered by the Defendants.

sions by confining them to discovery dates. Therefore, the Requests for Admissions were timely filed and served,[2] and Defendants should have responded within thirty days.

According to Rule 36(a), Defendants' failure to respond within thirty days means that the requests for admissions are deemed admitted by default. Defendants filed a Motion to Amend or Withdraw pursuant to Rule 36(b); however, the Court denies the Motion based on the following.

## III. AMENDMENT OR WITHDRAWAL OF ADMISSIONS

■ Courts should be cautious in exercising discretion to permit withdrawal or amendment of admissions. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir.1985).[3] The Court's authority to allow amendment or withdrawal of omissions is governed by Fed. R.Civ.P. 36(b), which provides:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Providing relief from default admissions under Rule 36(b) is clearly discretionary: "The court *may permit* withdrawal or amendment." Subsection b also provides that a court has authority to allow withdrawal *only* when (1) presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result.

■ Moreover, the Court is not required to permit withdrawal of an admission "even if both the merits and prejudice issues cut in favor of the party seeking the withdrawal." *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D.Kan.1991). *See also Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983); *Coca–Cola Bottling Co. v. Coca–Cola, Co.*, 123 F.R.D. 97, 103 (D.Del.1988); *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 557 (M.D.Pa.1984).

As the Second Circuit noted in *Donovan v. Carls Drug Co.*:

Vesting such power in the district court is essential for Rule 36 admissions effectively to narrow issues and speed the resolution of claims.

*Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir.1983).

■ Based on the foregoing, the Court exercises its discretion, as provided in Rule 36, and will not allow Defendants to withdraw the default admissions. Therefore, the default admissions are conclusively established. Fed.R.Civ.P. 36(b).

Under different circumstances, it would be appropriate for a court to conduct the inquiry and balancing provided for in Rule 36(b). However, given the Defendants' conduct in this case, the Court declines to do so.

In this case, Defendants' conduct was purposeful. They have not claimed that they needed more time, or that someone made a mistake by not responding promptly. Rather, Defendants made a strategic decision not to respond to the request for admissions based on a spurious theory that the request was late. Defendants did not file a motion to strike the request based on their timeliness argument, nor did they file a motion to extend the time within which to respond. In fact, Defendants affirmed their position in their October 27 letter to Plaintiff. Defendants did not apprise the Court of their position until Plaintiff filed the motion to affirm the admissions. Defendants willfully, knowingly and intentionally did not respond

---

**2.** Rule 36(a) specifically provides that the party served with the requests has "30 days after *service* of the request" to respond. The Rule does not require that Defendants *receive* the requests by September 15. Defendants' argument that they did not receive the Requests until September 19 and that therefore the Requests were untimely is without merit.

**3.** Plaintiff argues that if withdrawal of admissions would result in modification of the final pretrial order, withdrawal is permissible only to prevent manifest injustice. The Court does not find it necessary to address this argument and declines to discuss it further.

to the request for admissions. Defendants cannot expect to make a strategic decision which flouts Rule 36 without suffering practical consequences.

▮ This result strikes the proper balance among the interests of parties who make requests for admissions, respondents to requests for admissions and courts. Movants under Rule 36(a) should be able to rely on the Rule's 30–day time provision with certainty. Additionally, courts have a strong interest in insuring that cases proceed in an orderly and timely manner. Most importantly, this Court's decision emphasizes that parties must comport with the rules of procedure and are not allowed to proceed whimsically without accepting the consequences of their decisions.  .

### IV.

Based on the foregoing analysis, the Court holds that a request for admissions is not classified as a discovery device. Accordingly, it is not subject to general discovery cutoff dates. In this case, P timely filed his Request for Admissions; however, the Defendants did not respond within thirty days as required by Rule 36(a). The admissions are therefore deemed admitted by default and are conclusively established.

Furthermore, the Court exercises its discretion under Fed.R.Civ.P. 36(b) and declines to permit withdrawal of Defendants' default admissions.

Accordingly, this Court **DENIES** Defendants' Motion to Amend or Withdraw Admissions and **GRANTS** Plaintiff's Motion to affirm admissions.