# UNITED STATES COURT OF INTERNATIONAL TRADE

|                          |     |                           |
|--------------------------|-----|---------------------------|
|                          | :   |                           |
| **Kahrs International, Inc.,** | :   |                           |
|                          | :   |                           |
| **Plaintiff,**           | :   |                           |
|                          | :   | **Court No. 07-00343**    |
| **v.**                   | :   |                           |
|                          | :   | **Before:**               |
| **United States,**       | :   | **Gregory W. Carman, Judge** |
|                          | :   |                           |
| **Defendant**            | :   |                           |
|                          | :   |                           |

[*Held: Defendant's motion for withdrawal of deemed admissions pursuant to USCIT R. 36 is GRANTED.*]

Law Offices of George R. Tuttle, A.P.C. (Carl D. Cammarata, George R. Tuttle, and Stephen P. Spraitzar) for Plaintiff.

Gregory G. Katsas, Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Mikki Cottet) for Defendant.

February 19, 2009

## OPINION & ORDER

CARMAN, JUDGE:  Before the Court is Defendant United States' motion to withdraw its

"deemed admissions" pursuant to Rule 36(b) of the Rules of the U.S. Court of

International Trade.  Plaintiff Kahrs International, Inc. ("Kahrs") opposes this motion.

### PROCEDURE & BACKGROUND

Kahrs filed its law suit against the United States Customs and Border Protection ("CBP" or the "Government") on September 12, 2007 alleging seven causes of action concerning the denial of its protest over the "liquidation, classification, duties, and fees assessed on the pre-finished, veneered, hardwood, flooring strips," which were imported by Kahrs. (Complaint ("Compl.") 1.) The Government filed its Answer to the Complaint on February 14, 2008 denying, *inter alia*, many of the allegations contained in the first two causes of action.

Shortly thereafter,[1] Plaintiff filed its First Motion For Summary Judgment On The First Cause of Action on March 10, 2008. Included with its submission, Plaintiff annexed a USCIT R. 56(h) statement attesting that there are no genuine issues of material fact in dispute concerning Plaintiff's first cause of action. However, many of the allegations alleged in Plaintiff's R.56(h) statement were the same as, or similar to, Plaintiff's Complaint, which were denied, in whole or in part, in the Government's Answer on the grounds of lack of information or knowledge sufficient to form a belief

---

[1]The Parties consented to a scheduling order enlarging the time for Defendant's response to the Complaint to February 14, 2008, which this Court granted on January 11, 2008. (Docket No. 11.) Curiously, on January 24, 2008, Plaintiff proceeded to file its First Motion For Summary Judgment On The First Cause of Action, notwithstanding having consented to enlarging Defendant's time to file an Answer. (Docket No. 12.) On January 29, 2008, the Clerk of the United States Court of International Trade issued a Notice of Rejection of Plaintiff's motion as premature and in excess of the Court's page limitations. (Docket No. 13.) Following the filing of Defendant's Answer (Docket No. 14), Plaintiff re-filed its First Motion For Summary Judgment On The First Cause of Action. (Docket No. 15.)

as to the allegations' truthfulness. *Compare* Compl. & Def.'s Answer ¶¶ 2, 7, 10, 13, 16, 19, 20, 22 *with* Pl.'s First Request for Admission (Def.'s Motion to Withdraw at Ex. 1) pp.7-10, ¶1; 10-11, ¶2; 11, ¶3, *et seq.*

The parties then entered into discussions regarding scheduling, which yielded no accord. As a result, on April 14, 2008, Defendant filed a motion for a scheduling order and an order to stay its response to Plaintiff's Summary Judgment motion pending limited discovery as to the first cause of action. Plaintiff opposed this motion and separately requested that the Court order Defendant to expeditiously file a response to its Motion for Summary Judgment. Plaintiff contended that there would be no need for discovery because its motion on its first cause of action was dispositive of the entire matter. After deciding that Defendant was entitled to discovery, the Court granted the Government's motion, ordered limited discovery, and established a scheduling order. *See* Order, dated May 1, 2008 (Docket No. 18.). Ultimately, discovery was to be completed by September 1, 2008.

On May 8, 2008, Plaintiff served upon the Government certain requests for admission, interrogatories and requests for production of documents related to the first cause of action ("Pl.'s First Request for Admission"), which consisted of 52 separately numbered paragraphs. (*See* Def.'s Amd. Mot. To Withdraw Deemed Admissions ("Def.'s Motion to Withdraw") at Exhibit ("Ex.") 1.) Subject to the rules of this court,

Defendant's responses were due on June 13, 2008. (*Id.* at 4.) However, as the Government concedes, its responses were served by mail on June 27, 2008, some two weeks late. (*Id.*) Because the Government had failed to respond to Plaintiff's requests to admit on the first cause of action within 30 days of service, the matters therein were deemed admitted under USCIT R. 36(a).

On May 29, 2008, Plaintiff served upon the Government certain requests for admission, interrogatories and requests for production of documents related to the second cause of action ("Pl.'s Second Request for Admission"), which consisted of 16 separately numbered paragraphs. (Pl.'s Resp. To Def.'s Amd. Mot. To Withdraw Admissions ("Pl.'s Resp.") at Ex. 1.) The Government's responses were due on July 3, 2008, however "as a result of inadvertence," its responses were served on July 8, 2008, some five days late. (*See* Def.'s Motion to Withdraw at 5 n.4.) Because the Government had failed to respond to Plaintiff's requests to admit on the second cause of action within 30 days of service, the matters therein were deemed admitted under USCIT R. 36(a).

Plaintiff then served discovery requests on the Government pertaining to causes of action three through seven, which consisted of 113 separately numbered paragraphs. (*Id.*) Responses to these request were timely served by the due date of September 2, 2008. (*Id.*)

On July 9, 2008, Plaintiff served a "reply" on the Government pertaining to the Government's responses to its discovery requests related to the first cause of action. This document consisted of some 77 pages of material challenging each of the Government's responses, item by item. (*See* Def.'s Mot. to Withdraw at Ex. 2.)

Subsequently, on July 25, 2008, Plaintiff served the Government with its second request for admissions pertaining to the first cause of action, revised to consist of 62 separately numbered paragraphs. (*See id.* at Ex. 3.) Thought the Government's responses to this request were due on August 29, 2008, the Government "objected to Kahrs' second set of discovery requests on the first cause of action and did not further respond to it." (Def.'s Mot. to Withdraw at 5.)

The Government now moves this Court for an order, pursuant to USCIT R. 36(b) to permit it to withdraw the "deemed" admissions arising from Kahrs' requests for admissions, interrogatories, and requests for production of documents related to the first and second causes of action. (*Id.* at 1.)

## DISCUSSION

### I.     USCIT Rule 36

Rule 36(a) of the U.S. Court of International Trade provides, in relevant part, that a matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the

party's attorney." USCIT R. 36(a). Once the assertion is admitted, the matter "is

*conclusively established* unless the court on motion permits withdrawal or amendment of

the admission" pursuant to Rule 36(b). USCIT R. 36(b) (emphasis added); *cf. Avanti*

*Prod., Inc.,* 16 CIT 453 (1993). Notwithstanding, this Court

> *may* permit withdrawal or amendment when the
> presentation of the merits of the action will be subserved
> thereby and the party who obtained the admission fails to
> satisfy the court that withdrawal or amendment will
> prejudice that party in maintaining the action or defense on
> the merits.

USCIT R. 36(b) (emphasis added).

USCIT Rule 36(b) is a permissive rule and this Court is certainly not required to

grant the Government's withdrawal of admissions.[2] *See Conlon v. United States*, 474 F.3d

616, 621 (9th Cir. 2007). The Court may, exercising its discretion, grant relief from an

admission made under Rule 36(a) where (1) "the presentation of the merits of the action

will be subserved," and (2) "the party who obtained the admission fails to satisfy the

court that withdrawal or amendment will prejudice that party in maintaining the action

or defense on the merits." USCIT R. 36(b); *Conlon*, 474 F.3d at 621; *Hadley v. United*

*States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *see also* 7 JAMES WM. MOORE, FED. PRAC. § 36.13

---

[2]USCIT R. 36 is practically indistinguishable from rule 36 of the Federal Rules of Civil Procedure. Therefore, federal cases interpreting Fed. R. Civ. P. 36 are helpful in explicating USCIT R. 36.

(Matthew Bender 3d ed.).[3] The two-prong test of Rule 36(b) directs the Court to focus on the effect of granting withdrawal upon the litigation and prejudice to the opposing party, "rather than focusing on the moving party's excuses for an erroneous admission." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994).

As an important litigation tool, admissions are sought to narrow the issues before trial by eliminating those that can be dispensed with. *See Conlon*, 474 F.3d at 622; *Beker Indus. Corp. v. United States,* 7 CIT 361, 362 (1984). Rule 36 admissions are "not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." *Conlon*, 474 F.3d at 622 (*quoting Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002)). Thus, the rule is meant to serve two vital purposes in litigation: "truth-seeking in litigation and efficiency in dispensing justice." *Id.* (*citing* Fed. R. Civ. P. 36(b) advisory committee note); *see also In re Manley*, 3 B.R. 97,

---

[3]Plaintiff advocates a rigid application of Rule 36. However, "[t]he sanctions expressed by Rule 36(a) are *not* mandatory: The Rule expressly provides that the court may shorten or lengthen the time a party is allowed to respond." *Local Union No. 38 v. Tripodi,* 913 F. Supp. 290, 293 (S.D.N.Y. 1996) (emphasis added). Accordingly, because a court has the power to permit a longer time period, many commentators and courts have interpreted this to mean that a court, in exercising its discretion, may permit the filing of an answer that would otherwise be untimely. *See id.* (quoting *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir. 1983) (citation omitted)); *accord Manatt v. Union Pacific R.R. Co.,* 122 F.3d 514, 517 (8th Cir. 1997); 8A C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE & PROCEDURE ("WRIGHT & MILLER") § 2257 (1994). "Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Local Union No. 38,* 913 F. Supp. at 294.

98 (S.D.N.Y. 1980) (Fed. R. Civ. P. 36 discovery is not necessarily meant to obtain information, but to narrow issues for trial and establish certain material facts as true, thus narrowing the range of issues.).[4] This Court, therefore, should bear in mind these policy consideration as it considers the Defendant's motion in light of the rule's mandatory factors.

## A. Presentation of the Merits

The first prong of Rule 36(b) requires this Court to determine whether granting Defendant's motion for withdrawal will have subserved the presentation of the merits of Plaintiff's first and second causes of action. This part of the test "emphasizes the importance of having the action resolved on the merits." *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988). It is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622; *accord Hadley*, 45 F.3d at 1348.

In this case, Plaintiff's first and second causes of action are statutory claims

---

[4]The Court notes that a significant number the Plaintiff's admission requests appear to ask the Government to admit to Plaintiff's claims (*i.e.*, questions of law). *See, e.g.,* Pl.'s First Request for Admission (Def.'s Motion to Withdraw at Ex. 1) pp.7-10, ¶1; 10-11, ¶2; 11, ¶3, etc. It is generally inappropriate to employ requests for admission for questions of law. *Lakehead Pipe Line Co. v. Am. Home Assurance*, 177 F.R.D. 454, 458 (D. Minn. 1997). Moreover, strictly speaking, a Rule 36 request is not a discovery device. *Bouchard v. United States*, 241 F.R.D. 72, 75-76 (D. Me. 2007). Plaintiff is encouraged to bear these rules in mind when proceeding through discovery. *See also* 8A WRIGHT & MILLER §§ 2253 n.1 and 2255 n.8 (Pocket Part 2008).

alleging that CBP violated various aspects of 19 U.S.C. §§ 1625(c) and 1315(d) respectively. (*See* Compl. ¶¶ 1-29; 30-39.) The particular admissions that the Government seeks to withdraw "essentially admit the necessary elements of plaintiff's first and second causes of action, in contravention of the Government's answer to plaintiff's complaint . . . ." (Def.'s Motion to Withdraw at 9; *see also* Def.'s Answer ¶¶ 1-39.) Indeed, outside of the rote operation of Rule 36, the Government has nowhere abandoned its denial of Plaintiff's first two counts in its complaint as recorded in its Answer. The Court finds that the Government would not have admitted these essential elements of Plaintiff's first two claims but for its failure to timely respond to the requests to admit.

Plaintiff responds that the Government is required to show "good cause for the untimely responses" or that "the material facts asserted [in the deemed admission]. . . are not true." (Pl.'s Resp. at 10.) However, these points are unavailing because they are neither required by Rule 36(b) nor the weight of the relevant case law. *Cf., e.g., Mid Valley Bank v. North Valley Bank,* 764 F. Supp. 1377, 1391 (E.D. Cal. 1991) ("[T]he [Court's] discretion should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party.").

Accordingly, denying withdrawal of the Government's deemed admissions would eliminate the need for a presentation on the merits as to Plaintiff's first two

causes of action. *See Perez*, 297 F.3d at 1266 (Permitting withdrawal where "[d]eeming this element [of a claim] admitted took the wind out of the defendants' sails and effectively ended the litigation."). Thus, the first prong of the Rule 36(b) test is met because withdrawal of the admissions will subserve the presentation of the merits of Plaintiff's first and second causes of action.

The Plaintiff, however, argues that withdrawal of the admissions would result in prejudice to the Plaintiff's case. Therefore the Government's motion turns on the second prong of the Rule 36(b) test.

## B. Prejudice to the Plaintiff

The second prong of Rule 36(b) requires this Court to determine that the party who obtained the admission will suffer "prejudice . . . in maintaining the action" should the admissions be withdrawn. USCIT R.36(b). The party relying on the deemed admissions bares the burden of persuasion and must satisfy the court that they will indeed suffer prejudice. *Id.*; *Conlon*, 474 F.3d at 622. The prejudice contemplated by Rule 36(b)

> "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence"

concerning issues previously deemed admitted. *Brook Village N. Assocs. v. General Elec.*

*Co.*, 686 F.2d 66, 70 (1st Cir. 1982); *accord Hadley*, 45 F.3d at 1348; *Conlon*, 474 F.3d at 622. In other words, there is no prejudice if granting the motion to withdraw would merely result in the Plaintiff now having to prove its underlying case. *See F.D.I.C.*, 18 F.3d at 640. Similarly, having to "prepar[e] a summary judgment motion in reliance upon an erroneous admission" does not constitute prejudice. *Id.*; *accord Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).[5] The prejudice that is contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348 (internal quotes omitted); *see also Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 106 (D. Del. 1988) ("Generally, courts have defined the prejudice as relating to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted.") (internal quotes omitted).

Plaintiff contends that it would be "severely prejudiced" because its reliance on the deemed admissions had obviated its need to seek the depositions of certain CBP employees involved in the examinations of the entries of pre-finished, veneered, hardwood, flooring strips at the heart of this matter. (Pl.'s Resp. at 17-18.) Moreover,

---

[5]Awarding costs, however, under appropriate circumstances not present here, might be warranted. *See, e.g.*, *Mid Valley Bank*, 764 F. Supp. at 1391.

Plaintiff would be required to seek the re-opening of discovery in order to accomplish this feat. (*Id.*) Plaintiff also argues that it prepared its summary judgment papers based upon these deemed admissions "spen[ding] considerable time and expense" in their preparation. (*Id.* at 20.) Additionally, Plaintiff is alleging that it has incurred added expenses in responding to the Government's motion here, *id.*, as well as will have to incur expenses in order to submit a revised Rule 56(h) statement. (*Id.* at 20-21.)

The Court finds that Plaintiff has not met its burden under Rule 36(b). First, analyzing the amount of time that the Government was tardy in its responses to Plaintiff's request for admission as a predicate for Plaintiff's supposed prejudice amounts to a *de minimus* error.[6] The Government responded to Pl.'s First Request for Admission 14 days late (Def.'s Motion to Withdraw at 4) and responded to Pl.'s Second Request for Admission five days late (Def.'s Motion to Withdraw at 5). It is well within this Court's discretion to excuse the Governments neglect here where no prejudice flowed from the act of the tardy responses. *See, e.g., Novopharm Ltd., v. Torpharm, Inc.,* 181 F.R.D. 308, 310 (E.D.N.C. 1998) (court found no prejudice where responses were

---

[6]Plaintiff argues that the Government's default stemmed from its blatant failure to comply with the court rules. (*See* Pl.'s Resp. at 1, 20.) The Court disagrees with Plaintiff's characterization. Nevertheless, counsel is reminded that "[t]hese rules govern the procedure in the United States Court of International Trade. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT. R. 1.

served only 12 days after due date); *United States v. Branella*, 972 F. Supp. 294, 301 (D.

N.J. 1997) (no prejudice found where response was merely two weeks late).[7]  Second,

notwithstanding that the case was filed in September 2007, and notwithstanding the

abundance of motion practice, this case is still in an early stage (*i.e.*, before trial)

whereby a court is more likely to find no prejudice from granting a motion for

withdrawal.  *See Hadley*, 45 F.3d at 1349.  *See also Am. Auto. Ass'n v. AAA Legal Clinic*, 930

F.2d 1117, 1120 (5th Cir. 1991); 7 MOORE'S FED. PRAC. § 36.13, at pp. 44–45 (Matthew

Bender 3d ed.) ("Courts are more likely to find prejudice from the withdrawal of an

admission when the motion for withdrawal of the admission is made in the middle of

trial.").  Finally, the cases relied upon by Plaintiff to demonstrate prejudice vis-à-vis the

depositions it may have to take if the admissions are withdrawn are inapposite.

Plaintiff's attempts to recast its objection to the Government's motion as "prejudice" in

order to merely avoid the effort of proving the merits of its case, is not the same as a

showing that it will endure significant difficulties "in proving its case, *e.g.,*caused by the

unavailability of key witnesses." *Brook Village N. Assocs.*, 686 F.2d at 70.  "Cases finding

---

[7]Additionally, this Court generally disfavors defaults against the United States and prefers resolving disputes on the merits.  *See* USCIT R. 55(e) ("No judgment by default shall be entered against the United States . . . unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."); *AutoAlliance Int'l, Inc. v. United States*, 28 CIT 1856, 1858, 350 F. Supp.2d 1244, 1245-46 (2004) ("default judgment against the government cannot be granted based simply on the failure to file within a prescribed deadline.") (internal quotes and cites omitted).

prejudice to support a denial generally show a much higher level of reliance on the admissions." *Hadley,* 45 F.3d at 1349. Any inconvenience to the Plaintiff occasioned by a petition for the reopening of discovery is minimal and is certainly not the type of prejudice contemplated that would preclude the withdrawal of the subject deemed admissions under USCIT R. 36(b).

In the analysis of the second prong of R.36(b), Plaintiff has not met its burden in demonstrating prejudice to its case, and this Court finds none. Because a presentation on the merits would be subserved and because the government would not have been prejudiced by the withdrawal, this Court holds that the Government's motion to withdraw its deemed admissions is hereby GRANTED, and those admissions are deemed withdrawn.

**SO ORDERED.**

/s/ Gregory W. Carman
Gregory W. Carman

Dated:    February 19, 2009
        New York, New York

## ERRATA

**Slip Op 09-12**

**On Page 1:** in the text listing the appearances in this matter, "<u>Gregory G. Katsas</u>, Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>Mikki Cottet</u>) for Defendant" should be deleted and replaced with "<u>Michael F. Hertz</u>, Deputy Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director; <u>Barbara S. Williams</u>, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>Mikki Cottet</u>), for Defendant."

**On Page 5, 2d ¶:** in the text "Thought the Government's responses", "Thought" should be replaced with "Though".

**On Page 6, 1st ¶:** the citation "*Avanti Prod., Inc.,* 16 CIT 453 (1993)", should be deleted and replaced with "*Avanti Prods., Inc. v. United States,* 16 CIT 453 (1992)".

**On Page 7-8:** the citation "*In re Manley,* 3 B.R. 97, 98 (S.D.N.Y. 1980)", "(S.D.N.Y. 1980)" should be replaced with "(Bankr. S.D.N.Y. 1980)".

**On Page 14, 2d ¶:** the text "because the government would not have been prejudiced", should be deleted and replaced with "because the Plaintiff would not be prejudiced".

**Dated: February 20, 2009**