**LAKEHEAD PIPE LINE COMPANY, INC., and Interprovincial Pipe Line Inc., Plaintiffs,**

v.

**AMERICAN HOME ASSURANCE COMPANY, et al., Defendants.**

**Civ. No. 5–95–42(MJD/RLE).**

United States District Court, D. Minnesota, Fifth Division.

Dec. 5, 1997.

---

Leo G. Stern, Laurie J. Miller, Minneapolis, MN, for Plaintiffs.

E. Curtis Roeder, Minneapolis, MN, for Defendants.

## MINUTE ORDER

ERICKSON, United States Magistrate Judge.

### 1. *The Plaintiffs' Motion for Protective Order.*

On December 4, 1997, the Court heard argument on an assortment of the parties' Pretrial Motions.[1] At the Hearing on the Motions, the Plaintiffs appeared by Leo G. Stern and Laurie J. Miller, Esqs., and the Defendants appeared by E. Curtis Roeder, Esq. As related at the close of the Hearing, the Motions are granted, or denied, as follows:

By Order dated November 10, 1997, we granted the Defendants leave to take the deposition of John Rainey ("Rainey"), an employee of Reed Stenhouse, which is a Canadian insurance broker that was closely involved in manuscripting the insurance policy which serves as the core of the parties dispute. Although we had orally directed that Rainey's deposition be taken before the November 15 close of discovery, Rainey works and resides in Canada and, through no fault of the Defendants, logistics have prevented the taking of Rainey's deposition within the time constraints that we had imposed.[2]

In this Motion, the Plaintiffs request that we reconsider our decision to allow the deposition of Rainey to proceed, since the Plaintiffs remain convinced that Rainey's testimony would be inadmissible at Trial, regardless of whether it was offered as that of a fact, a lay expert, or an expert's opinion. See, *Hartzell Manufacturing Inc. v. American Chemical Technologies, Inc.*, 899 F.Supp. 405, 408-10 (D.Minn.1995). As we explained at the Hearing, however, the question of the admissibility of Rainey's testimony is not presently before us, for the sole issue is whether Rainey's testimony is discoverable and, notwithstanding careful reconsideration, we continue to conclude that Rainey's testimony passes the relevancy test of Rule 26, Federal Rules of Civil Procedure.

We are now persuaded, however, that the parties should be allotted an equal amount of time to depose Rainey and, therefore, we modify our Order of November 10, 1997, to reflect that the parties shall each be afforded two hours in which to depose Rainey. Therefore, the Plaintiffs' Motion to reconsider is granted, but their Motion for Protective Order is denied.

### 2. *The Defendants' Motion for Release of Bond.*

By our Order of August 19, 1997, we directed five of the Defendants, who are not authorized to transact in the insurance business within this State, to comply with the provisions of Minnesota Statutes Section 60A.21, Subdivision 3, by posting sufficient bonds or other sureties, in amounts which would be sufficient to satisfy their aliquot share of any potential Judgment against the Defendants. After the District Court affirmed this Order on appeal, the five Defendants posted the necessary bonds with the Court.

By this Motion, two of the insurers, specifically, the Underwriters at Lloyds ("Lloyds"), and the Insurance Corporation of New York ("New York"), have requested that their bonds be released. For its part, Lloyds argues that, since it chiefly operates as a surplus lines insurer, it should be relieved of the surety requirement, because Section 60A.21, Subdivision 2, expressly exempts "surplus lines insurance lawfully effectuated under Minnesota law." We are not persuaded by this argument for, regardless of Lloyds' standing as a surplus lines insurer, the fact remains that the Defendants have not competently demonstrated that the policy at issue was one for surplus lines insurance—let alone surplus line insurance which was "lawfully effectuated" under the laws of Minneso-

---

1. Prior to the Hearing, the parties advised that the Defendants' Motion to compel certain discovery had been amicably resolved, and that a stipulation would be forthcoming. Accordingly, we deny this Motion as moot, but without prejudice to its refiling upon a showing of cause.

2. As we instructed at the Hearing, should the Defendants continue to be impaired, by any third-parties, in arranging for Rainey's deposition, they are directed to contact this Court, immediately. It remains our expectation that the deposition of Rainey will proceed with extreme dispatch.

ta. Therefore, the Motion to release Lloyd's bond is denied.

We also deny the Motion to release New York's bond. Here, the difficulty is one of an undeveloped Record. In our prior Order, we instructed the Defendant United Reinsurance Corporation of New York ("United") to post a bond, as all agreed that United was not authorized to transact insurance business in Minnesota. Now, however, the Defendants represent that, in 1995, New York assumed United's liabilities under the policy at issue, and that, as New York is an authorized insurer in Minnesota, it should not be subject to the bond requirement. Aside from the Defendants' representations, however, there is no evidence of Record which supports the assertion that New York has succeeded to all of United's liabilities under the policy and, in fact, New York has not been named as a Defendant in this action, nor has it been substituted for United. Accordingly, we deny, as factually unsupported, the Motion for release of New York's bond.

3. *The Defendants' Motion to Determine Sufficiency of Plaintiffs' Responses to Defendants' Requests for Admissions.*

During the course of preparing this case for Trial, the Defendants have served the Plaintiffs with some 373 Requests for Admission, many of which are accompanied by an Interrogatory that requires factual substantiation for any response that the Plaintiffs should provide in the appended Request. See, *Rule 36, Federal Rules of Civil Procedure.* For each of these Requests, the Plaintiffs filed a Response, which was in keeping with the directives of Rule 36(a); that is, the Plaintiffs either admitted, denied, responded with qualifications, or expressed their incapacity to substantively respond. Notwithstanding this state of compliance with Rule 36, the Defendants express dissatisfaction with numerous Responses, and they seek the Court's determination that the Responses are so deficient that matters denied should be considered admitted. Following our close review, we decline to direct a supplementation of the challenged responses, and we reject the Defendants' request that we modify the Responses substantively. The Defendants' objections can be cataloged in several groupings.

■ First, the Defendants take issue with the Plaintiffs' Responses to Requests which sought admissions as to the authenticity of certain documents, and as to accuracy of the Defendants' interpretation of the content and/or meaning of the documents. In response, the Plaintiffs have, in almost all cases, admitted to the authenticity of the documents, but they have objected to the Defendants' effort to obtain, by implication, a synoptic characterization of the documents, or a gloss as to their intendment, on the specific ground that the documents speak for themselves. In our considered view, such qualified Responses are appropriate—not because Requests which seek admissions, as to the requester's interpretation of documents, are improper, see, *Bausch & Lomb v. Alcon Laboratories*, 173 F.R.D. 367, 377 (W.D.N.Y. 1995); *Kasar v. Miller Printing Machinery Company*, 36 F.R.D. 200, 202–03 (W.D.Pa. 1964), but because they effectuate the purposes of Rule 36.

■ In so holding, we recognize that Requests which seek opinions of fact, or of mixed fact and law, are appropriate, since contention Requests were encompassed within Rule 36, by amendment, in 1970. Nevertheless, a document has both context, the writer's intent, and other subjective variables, which cannot be legitimately reduced to matters of fact, of mixed fact and law, or of opinion. Notably, the Plaintiffs' responses to these Requests included an admission, or a denial, so that the Defendants were not deprived of a competent response to their Request. Specifically, by the Plaintiffs' Response, the Defendants are on notice that their interpretation of a given document is inconsistent with the Plaintiffs' construction and, if the document is critical to the case, the evidence that would be required to prove the document's meaning. The quintessential function of Requests for Admissions is to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that re-

main in dispute. This function has been faithfully served by the Plaintiffs' responses.[3]

■ Second, by several of their Requests, the Defendants seek to have the Plaintiffs ratify what are, in essence, the legal conclusions that the Defendants have attached to the operative facts of the case. Of course, requests for admission are not to be employed as a means "to establish facts which are obviously in dispute or to answer questions of law." *Kosta v. Connolly,* 709 F.Supp. 592, 594 (E.D.Pa.1989), citing *Driver v. Gindy Manufacturing Corp.,* 24 F.R.D. 473, 475 (E.D.Pa.1959). Accordingly, a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate. See, e.g., *Reliance Ins. Co. v. Marathon LeTourneau Co.,* 152 F.R.D. 524, 525 (S.D.W.Va.1994); *Kosta v. Connolly,* supra at 594; *English v. Cowell,* 117 F.R.D. 132, 135 (C.D.Ill.1986); *Equal Employment Opportunity Commission v. Otto,* 75 F.R.D. 624, 627 (D.Md.1 976). Instead, "the purpose of [Rule 36(a) ] is to expedite trial by eliminating the necessity of proving undisputed and peripheral issues." *Kosta v. Connolly,* supra at 594. Here, the Requests at issue do not serve this purpose, and the Plaintiffs were justified in refusing to endorse the legal conclusions that the Defendants were soliciting.

■ Lastly, the Defendants take issue with the Plaintiffs' refusal to provide the factual bases for a number of their denials, either as part of the denials themselves, or in answers to accompanying Interrogatories. We have, however, found nothing improper in the Plaintiffs' Responses to those Requests. Requests for Admission are not a discovery device. See, e.g., *T. Rowe Price Small–Cap Fund v. Oppenheimer & Co.,* 174 F.R.D. 38, 42 (S.D.N.Y.1997); *O'Neill v. Medad,* 166 F.R.D. 19, 21 (E.D.Mich.1996); *Workman v. Chinchinian,* 807 F.Supp. 634, 648 (E.D.Wash.1992); *State of Vermont v.*

*Staco, Inc.,* 684 F.Supp. 822, 829 (D.Vt.1988). More importantly, Rule 36(a) does not authorize a Court to prospectively render determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence. *Foretich v. Chung,* 151 F.R.D. 3, 4–5 (D.D.C.1993). Accordingly, we deny the Motion to determine the sufficiency of the Plaintiffs' Responses to the Defendants' Requests for Admissions.

Lastly, we leave for additional briefing the Defendants' Motion relating to the purported spoliation of evidence. As noted at the Hearing, we regard the Motion, irrespective of the remedy that the Defendants have requested, to implicate our responsibilities under Rule 37, Federal Rules of Civil Procedure, and to constitute a matter appropriate for disposition or, potentially, for a recommended disposition, by a Magistrate Judge.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiffs' Motion to Reconsider is GRANTED.

2. That the Plaintiffs' Motion for Protective Order [Docket No. 225] is DENIED.

3. That the Defendants' Motion to Release Bonds [Docket No. 215] is DENIED.

4. That the Defendants' Motion to Compel Certain Discovery [Docket No. 218] is DENIED as moot.

5. That the Defendants' Motion to Determine Sufficiency of Plaintiffs' Responses to Defendants' Requests for Admissions [Docket No. 218] is DENIED.

6. That our Rulings on the Defendants' Motions for Sanctions for Spoliation of Evidence [Docket No. 210] and to Compel Discovery [Docket No. 221], and the Plaintiffs'

---

**3.** In many instances the Requests were prolix, argumentative, and ambiguous but, since the Plaintiffs have founded their objections on the Defendants attempt, by indirection, to obtain a gloss on the meaning of certain documents, we have limited our analysis to that objection. Moreover, while we understand the Defendants to argue that the appended Interrogatory cures their attempt to discover the bases for a denial or admission, the allowable number of Interrogatories has been vastly exceeded when, in practical effect, each of the 373 Requests for Admission is subject to a follow-up Interrogatory.

Motion to Compel Discovery [Docket No. 225] are DEFERRED.

7. That the Plaintiffs' shall serve and file their Memorandum in Opposition to the Defendants' Motion for Sanctions for Spoliation of Evidence, together with any supporting Affidavits and Exhibits, **by no later than December 15, 1997.** Service and filing shall be effective upon mailing.

8. That the Defendants may serve and file a Reply Memorandum **by no later than December 18, 1997,** with service and filing to be effective upon mailing.