BOOTH OIL SITE ADMINISTRATIVE
GROUP, Plaintiff,

v.

SAFETY–KLEEN CORPORATION, Joseph Chalhoub, Breslube Industries Limited, George T. Booth, Jr., George T. Booth, III, Booth Oil Company, Inc., Defendants.

No. 98–CV–696AF.

United States District Court,
W.D. New York.

June 7, 2000.

Raichle, Banning, Weiss & Stephens, R. William Stephens, of Counsel, Buffalo, NY, for Plaintiff.

Blair & Roach, Robert R. Radel, of Counsel, Tonawanda, NY, for Joseph Chalhoub and Breslube Industries Limited.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned for all pretrial matters by order of Hon. Richard J. Arcara dated February 19, 1999. It is presently before the court on Plaintiff's motion to compel filed March 30, 2000 (Doc. # 45).

### BACKGROUND

In this action, pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.; Plaintiff seeks contribution for response costs incurred in the investigation, removal and remediation of hazardous substances released at a waste oil reclamation facility operated by Defendant Booth Oil Company, Inc. ("Booth Oil"), located at 76 Robinson Street in North Tonawanda, New York ("the Site"). As relevant, Plaintiff alleges Defendants Chalhoub and Breslube Industries ("Breslube") are liable to it under 42 U.S.C. § 9613 as successors in interest to Booth Oil which owned and operated the Site as a waste oil reclamation and refining business for over 40 years prior to being acquired by Chalhoub, Breslube, and Defendant Safety–Kleen. Additionally, Plaintiff claims Defendant Chalhoub is liable as an owner and operator of the Site and all Defendants, including Chalhoub, are also liable as successors in interest based on continuity of enterprise. Plaintiff also asserts claims based on negligence and strict liability under the New York Navigation Law.

Following service of Plaintiff's Requests to Admit on January 4, 2000 ("the Requests"), Defendants Chalhoub and Breslube served, on February 15, 2000, their responses and objections to the Requests. As noted, Plaintiff's motion to compel was filed on March 30, 2000 along with an Affidavit of R. William Stephens, Esq., dated March 28, 2000, in Support ("Stephens Affidavit") and a Memorandum of Law in Support (Doc. # 46); Defendants' response, an Affidavit of Robert R. Radel, Esq., dated May 4, 2000 (Doc. # 57), and a Memorandum of Law (Doc. # 58), were filed May 5, 2000. By order dated April 6, 2000, the court dismissed the motion, without prejudice, for failure to comply with Local R.Civ.P. 37. In response to the court's action, on April 7, 2000, Plaintiff filed an affidavit of R. William Stephens, Esq. demonstrating that voluntary resolution had been attempted but could not be achieved (Doc. # 46). The motion was recalendared and oral argument was conducted on May 17, 2000 at which time the court granted Plaintiff's motion in part and reserved decision as to the remaining objections.

### FACTS

On January 4, 2000, Plaintiff served Defendants with 39 Requests for Admission pursuant to Fed.R.Civ.P. 36(a). At issue are Requests Nos. 4–11, 13, 15–22, 27, 29–31, 33, 34, 36, and 38. These Requests direct themselves to provisions of three agreements by which Defendant Safety–Kleen, through its acquisition subsidiaries, and Defendant Breslube Enterprises, allegedly acquired the assets of Defendant Booth Oil. · The agreements include a May 29, 1987 Asset Purchase Agreement among Safety–Kleen, as purchaser, and Speedy Oil Services, Inc., a business entity controlled by Defendant Chalhoub which Plaintiff claims assumed operations of Booth Oil at Chalhoub's direction, as seller, Defendant Breslube Enterprises, and 707895 Ontario Limited, an acquisition subsidiary of Safety–Kleen; a June 23, 1987 Bill of Sale, Assignment, and Assumption Agreement between Safety–Kleen and Speedy Oil Services; and a February 27, 1987 Option Agreement between Safety–Kleen and Speedy Oil relat-

ing to the purchase of Booth Oil's facilities. According to Plaintiff, as a result of a series of inter-corporate transactions as reflected, in part, by these agreements, Safety–Kleen and Breslube Enterprises succeeded to the ownership of Booth Oil, and Chalhoub became an owner and operator of Booth Oil.

Requests Nos. 4–10, 13, 15–19, 27, 29, and 33 include a statement of what purports to be the verbatim text of various provisions of the agreements as quoted in each Request and ask Defendants to admit that the quoted material is in fact the text of each such provision. For example, Request No. 4 seeks Defendants' admission that the June 23, 1987 agreement includes a provision, as quoted in the Request, in which the parties to that agreement agreed, pursuant to the May 1987 agreement, to transfer all of Speedy Oil's interest in its assets as defined in the quoted provision. Stephens Affidavit at 5. Defendants failed to admit or deny each of these Requests, rather, Defendants objected that the Requests seek "an improper admission to the interpretation of a document" and that "[t]he document speaks for itself." Stephens Affidavit at 5–17.

Requests 11, 20–22, 30, 31, 34, 36, and 38, while not providing verbatim quotation of the relevant text, refer to specific provisions within the agreements and, in most instances, reference the Bates numbers of copies of particular pages of documents obtained through discovery where the referenced provisions were reproduced, and request Defendants to admit that such provisions carry a particular meaning as stated in the Request. For example, Request No. 11 asks Defendants to admit that "under Schedule 3.12 of the 5/29/87 Asset Purchase Agreement Bres–Op Corp. expressly assumed and agreed to faithfully pay, perform or otherwise discharge any liabilities and obligations of Speedy Oil Services, Inc. for the Booth Oil Robinson Street Site." Stephens Affidavit at 18. In response, Defendants Chalhoub and Breslube refused to admit or deny, or explain why neither an admission nor a denial could be made. · Instead, Defendants objected that the Requests "improperly call for an opinion, a conclusion of law and seek an admission to the interpretation of the document." Ste-

phens Affidavit at 18–21. In Request No. 34, Plaintiff sought Defendants' admission that a certain letter sent by an attorney for Booth Oil to Breslube advised that the Booth Oil Site was the "focus of State Superfund concern." Stephens Affidavit at 20. Defendants also refused to respond to this Request on the ground that it "improperly calls for hearsay, opinions, and speculation." *Id.* None of the objections have merit.

## DISCUSSION

The purpose of Fed.R.Civ.P. 36 is "for facilitating the proof at trial by weeding out facts and items of proof over which there is no dispute." 4A Moore's Federal Practice, ¶ 36.02 (2d ed.1982). *See also Dubin v. E.F. Hutton Group, Inc.,* 125 F.R.D. 372, 375 (S.D.N.Y.1989) (Rule 36 allows "narrowing or elimination of issues in a case" through obtaining admissions of facts conceded by parties). A request to admit covers the full range of information discoverable under Fed. R.Civ.P. 26(b), including matters of facts as well as the application of law to the facts. Fed.R.Civ.P. 36(a); *Moore, supra,* at ¶ ¶ 36.04(2), (4). However, "requests for admissions of law unrelated to the facts of the case" are not authorized. 1970 Advisory Committee Notes.

Provided the demand is understandable and straightforward, calls for relevant information, and does not violate a recognized privilege, an objection to a request to admit is improper and a mere statement that the responding party is unable to admit or deny, or lacks knowledge is insufficient. *See Moore, supra,* at ¶ 36.05[4]. Ambiguous and vague requests which cannot be fairly answered will not be enforced. *Dubin, supra.* Absent a statement "that the party has made a reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny," the request is to be answered by its admission or denial. *See* Fed.R.Civ.P. 36(a).

"A denial must be forthright, specific and unconditional." Wright & Miller, Federal Practice & Procedure § 2260 at 729. Further, "denial of the accuracy of a statement is not a denial of its essential truth and

certainly a refusal to admit does not amount to a denial." *Southern Ry. Co. v. Crosby,* 201 F.2d 878, 880 (4th Cir.1953) (Parker, C.J.) Moreover, a refusal to admit, without detailed reasons why the responder ˙cannot truthfully admit or deny is the equivalent of an admission. *Fuhr v. Newfoundland–St. Lawrence Shipping, Ltd.,* 24 F.R.D. 9, 13 (S.D.N.Y.1959). The court may reject unjustified objections and order answers, and determine that, as to answers deemed noncompliant, either the matter be deemed admitted or an amended answer be served. *O'Connor v. AM General Corp.,* 1992 WL 382366 at *2 (E.D.Pa.1992).

As noted, Defendants objected to the Requests on the grounds that they seek an "opinion," "the interpretation of a document," and that the document which is the object of the request "speaks for itself." In response to Request No. 34, Defendants argue the Request called for "hearsay," "opinion," and "speculation."

■ First, as amended in 1970, Rule 36 specifically authorizes a request for the admission or denial of an "opinion of fact or the application of law to fact." Fed.R.Civ.P. 36(a). Second, as a statement of a document's text is a matter of fact, a request calling upon a party to admit or deny that such quoted material is the actual text of an identified document, relevant to the case, may not be ignored on the ground that the request seeks an interpretation of the text or that the document in question "speaks for itself." Documents do not speak, rather, they represent factual information from which legal consequences may follow. The existence of a referenced document and whether it contains a particular provision may well present factual issues of importance to the case. Thus, just as a Rule 36 request may seek to remove the issue of a document's "genuineness" or authenticity, *id.,* whether a particular document contains textual material as described in a request equally seeks to eliminate an unnecessary issue of fact for trial. It is therefore permissible to request that a party admit or deny a Rule 36 request as to the accuracy of quoted textual material from a particular document relevant to the case.

■ Third, it is generally held that questions of contractual meaning or intent are questions of fact at trial. *Bourne v. Walt Disney Co.,* 68 F.3d 621, 629 (2d Cir.1995). A·statement of a party's understanding of the meaning or intent of a document is therefore a statement of fact, and where the question of the meaning of the document is at issue in the case, a request directed to another party seeking an admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement fact, and is authorized by Rule 36. *See Langer v. Monarch Life Insurance Co.,* 966 F.2d 786, 805 (3d Cir.1992) (responses to Rule 36 requests containing statements of party's intent and understanding of disputed contract "could be read as admissions of the facts of what was intended" by the agreement at issue); *Diederich v. Department of Army,* 132 F.R.D. 614, 617 (S.D.N.Y.1990) ("objections that documents ... 'speak for themselves' ... also are also improper."). Nor are such requests objectionable because the request may call for an admission as to an interpretation of a contractual provision which could otherwise require a judicial determination. "Rule 36 would cover an admission by [a party] as to what its obligations were as a matter of law, because the text of the rule specifically authorizes requests for admissions of propositions of law as applied to fact." *Langer, supra,* at 803. Moreover, the fact that an admission, provided in response to a request, may prove decisive to the case is no ground for refusal to respond. *Langer, supra,* at 803 (a party served with a Rule 36 request "must admit [the requested] fact even if it will gut its case and subject it to summary judgment.").

■ Even if the meaning of a document or the intent of the parties as to a contractual provision is the issue ultimately to be decided, such questions do not raise a valid objection to a request to admit a party's understanding of a document's meaning or the intent of the parties as otherwise a party that does not intend to dispute such·matters could refuse to answer thus requiring needless proof. Such a result is contrary to the purpose of Rule 36 which is "to eliminate from controversy matters that will not be disput-

ed." 8A Charles Alan Wright, Arthur R. Miller & Richard C. Marcus, Federal Practice and Procedure: Civil 2d § 2256 at 538. Conversely, if both sides agree as to the meaning and intent of particular contractual provisions, there will be no issue as to their meaning on summary judgment or at trial and the purpose of Rule 36 will have been served. In this case, if Defendants do not admit to a proffered interpretation, Plaintiff will be on notice as to which provisions remain at issue thereby facilitating the orderly preparation of the case for submission to the court and furthering the purposes of Rule 36.

Moreover, in this case, the Requests at issue do not relate to material which, like a line of lyrical poetry, may be subject to multiple interpretations. Rather, they are directed to business agreements, involving the parties to the instant litigation, using standard acquisition clauses applied to the particulars of the transactions, and routine business correspondence. As such, the range of interpretative possibilities is fairly limited thus constituting straightforward requests within the purview of Rule 36.

 Finally, in response to Request No. 34, Defendants objected that the request calls improperly for hearsay, opinions, and speculation. As discussed, such an objection based on the fact that a request seeks an opinion is excluded by the express terms of Rule 36. Further, that a requested admission may involve hearsay is not disqualifying as statements of fact even if based on hearsay nevertheless present issues which if not admitted will require admissible evidence for their proof at trial. Further, it is well established that objections to hearsay are waivable. Accordingly, Rule 36 requests seeking an admission of fact or the application of law to fact, even if the response may be based on hearsay, is authorized by Rule 36. Finally, if the request as stated cannot be answered in a straightforward manner because it contains speculative elements, an objection may be interposed on that basis. Here, however, Request No. 34 asks for pointed responses as to particular text within an uncomplicated and straightforward business letter. There is no basis therefore to find that the Request

is predicated on speculative elements rendering it incapable of response. Accordingly, Defendants' objections to Request No. 34 are overruled.

Defendants cite *Lakehead Pipe Line Company, Inc. v. American Home Assurance Company*, 177 F.R.D. 454 (D.Minn.1997) and *Bausch & Lomb v. Alcon Laboratories*, 173 F.R.D. 367 (W.D.N.Y.1995) in support of their position. However, *Lakehead* is inapposite as in that case the requested party, unlike Defendants Chalhoub and Breslube, responded to 373 Rule 36 requests with admissions, denials or qualifications. *Lakehead, supra*, at 457. Further, in refusing to find some of the responses so deficient as to be deemed admitted, the court stated that the requests at issue were "prolix, argumentative and ambiguous," *Lakehead* at 458 n. 3, and an attempt to obtain "in essence legal conclusions." *Lakehead, supra*, at 458. The court therefore found the requests at issue to be both improper in form as well as constituting a request for an admission concerning a "a pure matter of law" beyond the reach of Rule 36. *See LaForte v. Horner*, 833 F.2d 977, 982 (Fed.Cir.1987) (admission as to statute's meaning which mirrored statute's wording not determinative as to congressional intent as such interpretation was a legal conclusion for the court). Thus, regardless of whether the court in *Lakehead* also found the requests sought admissions of a pure proposition of law unrelated to the case, compare Advisory Committee Note to 1970 Amendment to Rule 36, *supra*, none of the requests at issue here seek purely legal propositions unrelated to the issues presented in the case.

In *Bausch & Lomb, supra*, as the factual nature of the requests at issue are not revealed in the court's opinion, whether the Requests are similar to those at bar thereby giving the decision precedential effect on the issues in this case cannot be determined. Additionally, a review of the cases cited in *Bausch & Lomb, id., supra*, at 377, indicates they do not necessarily exclude the determination reached here. For example, in *Naxon Telesign Corporation v. GTE Information Systems, Inc.*, 89 F.R.D. 333, 335 (E.D.Ill. 1980) the court did not find a Rule 36 request

# 82

as to a document's meaning proscribed in all cases, rather, the court found the requests at issue to be redundant to the plain text of the patent document to which they were directed. Accordingly, neither case is controlling on the questions presented on the instant motion.

Defendants' objections are also undermined by the well accepted approval of contention interrogatories, pursuant to Fed. R.Civ.P. 33(a), forcing an opponent to state with reasonable clarity the precise nature of its contentions in support of its claims or defenses and their respective bases in fact and law. *Wechsler v. Hunt Health Systems, Ltd.*, 1999 WL 672902, *1 (S.D.N.Y.1999). If interrogatories may require a party to state the nature and basis of a contention regarding the existence or meaning of a document at issue, the court fails to see why a request for admission may not seek to limit the need for proof regarding the text and meaning of a particular provision of a document.

At oral argument, Defendants also asserted the majority of the requests seek irrelevant information. However, as discussed, Plaintiff's objective is to establish that Defendants succeeded through a series of corporate transactions to the liabilities of Booth Oil, including response costs under CERCLA, and thus are liable to Plaintiffs for contribution in this action. As the documents at issue all appear on their face to be connected to Defendants Chalhoub and Breslube and their relationship to and Booth Oil's business operations and facilities, it cannot be reasonably concluded that the Requests seek inadmissible evidence and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendants admitted that Defendant Chalhoub executed the May 1987 Agreement on behalf of Breslube Enterprises. Exhibit 3 to Stephens Affidavit at 16.

Accordingly, the court finds Defendants' objections to be without merit and are therefore overruled. Defendants shall within 20 days of the service of this Decision and Order serve responses to these Requests in accordance with the foregoing.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Doc. # 45) is GRANTED.

SO ORDERED.