**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**DYNASTY FUND, LTD, Defendant,**

**Michael Batterman, Randall B. Batterman, Defendants–Appellants.**

No. 03–6213.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

Michael Batterman and Randall Batterman, Hackensack, NJ, for Appellant, pro se.

Susan S. McDonald, Senior Litigation Counsel, Securities and Exchange Commission (Meyer Eisenberg, Deputy General Counsel, of counsel; Giovanni P. Prezioso, General Counsel, Jacob H. Stillman, Solicitor, and Susan K. Straus, Attorney, on the brief), Washington, DC, for Appellee.

PRESENT: LEVAL, STRAUB, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants Michael Batterman and Randall Batterman ("Battermans"), both *pro se,* appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge* ) filed on July 21, 2003. On September 30, 2002, the District Court granted summary judgment to the Securities and Exchange Commission ("SEC"). On July 21, 2003, the court filed an order permanently enjoining the Battermans from future violations of the securities laws they were held to have violated. The court ordered each of the Battermans to disgorge $475,000, plus pre-judgment interest of $362,182, and further ordered that each of them pay a civil penalty of $250,000.

In June 2000, the SEC filed this action against the Battermans and Dynasty Fund Ltd. ("Dynasty") alleging that the Battermans defrauded investors into purchasing securities of Dynasty in violation of Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder, and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940. We assume familiarity with the facts of this case, its procedural history, and the issues which have been raised for appellate review.

The SEC maintains that it served Requests for Admission ("RFAs") pursuant to Federal Rule of Civil Procedure 36 * on the Battermans and their former counsel in May 2001, and that because the Battermans did not timely respond the RFAs are deemed admitted. The Battermans did not file their responses to the RFAs until November 1, 2001. Although the Battermans claim that they did not receive the RFAs until they received the SEC's motion for summary judgment in September 2001, the District Court concluded that the Battermans received the RFAs on May 9, 2001. The court declined to excuse the Battermans from their admissions under Rule 36(b). In addition, the court held that if it were to construe the Battermans' late responses as a request for an extension of time under Rule 6(b), the Battermans had failed to show, as Rule 6(b) requires, that their failure to respond was the result of "excusable neglect."

▮ Upon review, we conclude that the District Court did not abuse its discretion in finding that the RFAs were admitted. *See Donovan v. Carls Drug Co., Inc.,*

---

* Federal Rule of Civil Procedure 36 provides in pertinent part that

> [a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

Fed.R.Civ.P. 36(a). The Rule provides further that "[e]ach matter of which an admission is requested shall be separately set forth," *id.,* and

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

*Id.*

703 F.2d 650, 651–52 (2d Cir.1983), *rejected on other grounds by McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 134, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984). The District Court properly found, in light of the admissions, that there were no genuine issues of material fact in dispute and that the SEC was entitled to judgment as a matter of law. *See Donovan,* 703 F.2d at 651 (admissions made pursuant to Rule 36 may be used to support a motion for summary judgment).

We have considered all of the Battermans' claims on appeal and find them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.