09-1802-cv
*Reilly v. Reem Plumbing & Heating Corp., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,[*]
> > *District Judge.*

_____

GEORGE W. REILLY, VITO GIACHETTI, as Co-Chairman of the Board of Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation and Holiday Fund, Trade Education Fund and 401k Savings Plan, MARTIN MADDALONI, CHARLES CARLSON, as Co-Chairman of the Board of Trustees of the Plumbers and Pipefitters National Pension Fund, LAWRENCE MAZZOLA, SMITTY BELCHER, as Co-Chairman of the Board of Trustees of the International Training Fund,

> *Plaintiffs-Appellees*,

> v.                                                              09-1802-cv (L)

_____

[*] The Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

09-1850-cv (CON)

REEM CONTRACTING CORP., JONA SZAPIRO,
REEM PLUMBING & HEATING CORP.,
STEVEN L. STEIN,

   *Defendants-Appellant*s,

WESTERN SURETY COMPANY,

   *Defendant*.

_____

FOR APPELLANTS REEM PLUMBING &
HEATING CORP. AND STEVEN L. STEIN :   JAMES SCOTT MURPHY, Garrity,
                   Graham, Murphy, Garofalo & Flinn,
                   P.C., New York, N.Y.

FOR APPELLANTS REEM CONTRACTING
CORP. AND JONA SZAPIRO:        DENNIS J. ALESSI, Mandelbaum
                   Salsburg, P.C., West Orange, N.J.,

FOR APPELLEES:           CHARLES R. VIRGINIA, MARC A.
                   TENENBAUM, Virginia &
                   Ambinder, LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Defendants-Appellants Reem Plumbing & Heating Corporation ("Plumbing"), Steven L. Stein, Reem Contracting Corporation ("Contracting"), and Jona Szapiro appeal from a March 31, 2009 order and April 30, 2009 judgment of the United States District Court for the Eastern District

2

of New York (Amon, *J.*), granting summary judgment in favor of Plaintiffs-Appellees George W. Reilly, Vito Giachetti, Martin Maddaloni, Charles Carlson, Lawrence Mazzola, and Smitty Belcher. The district court held that Plumbing and Contracting, its alter ego, violated Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, by failing to make contributions to certain union benefit funds ("Funds") between January 1, 2002 and December 31, 2004 (the "Audit Period") as required by collective bargaining agreements ("CBAs") between the Association of Contracting Plumbers of the City of New York ("ACP") and Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Union"). It found also that Stein and Szapiro, who were officers of Plumbing and Contracting respectively, breached ERISA fiduciary duties to the Funds and consequently were liable personally for the deficiency. Appellants object to the district court's conclusions on each parties' liability and on damages.

We assume familiarity with the facts of this case and the prior proceedings. We refer to them only to the limited extent necessary to explication of this ruling.

Plumbing was a party to four agreements that are at the heart of this case. The first two were CBAs between ACP and the Union and separately governed mechanical and equipment servicing ("MES") work and new construction (also known as "A") work. Each required employers to make specified contributions to the Funds for each hour of covered work performed by its employees.

The MES Agreement became effective on January 1, 1998 and provided that it would "remain in force until September 30, 2000." It required a conference for the purpose of consummating a new agreement one hundred twenty days prior to expiration and notice of intent to abrogate one hundred eighty days prior to expiration. No party held a conference or notified of an

intent to abrogate. The Union and ACP periodically modified the MES agreement between 2001 and 2004.

The A Agreement became effective on July 1, 1997 and "remain[ed] in force until June 30, 2000." Subsequently, the Union and ACP entered into two new "A" Agreements with substantially similar terms covering the periods from July 1, 2000 to June 30, 2004 and July 1, 2004 to June 30, 2007.

The third agreement was an October 27, 1998 "Combination 'A' Field and 'Mechanical Equipment Service' Division Collective Bargaining Agreement between the Union and Reem Plumbing" (the "Combination Agreement"). Plumbing there "agree[d] to be bound by all provisions of the Collective Bargaining Agreement between" the Union and ACP "and any amendments renewals and extensions that may hereafter be made by the parties to the Agreement." Plumbing there designated ACP its bargaining representative for negotiations with the Union.

The final agreement, which was part of Plumbing's September 22, 2000 application for ACP membership, provided that Plumbing "agree[d] to comply with the provisions of the . . . agreements and undertakings entered into by [ACP], whether or not [ACP] is a signatory to such undertakings."

Throughout the Audit Period, Plumbing made payments to the Funds with remittence reports certifying that it was "a party to a written agreement requiring contributions." Plumbing conceded that it once had been bound by the CBAs, but argued that it no longer was bound during the Audit Period. The district court granted summary judgment against it, holding that the language of the agreements and Plumbing's course of conduct left no genuine issue of material fact and that Plumbing and Contracting, as Plumbing's alter ego, continued to be bound by the CBAs throughout

4

the Audit Period.

I

We review a grant of summary judgment *de novo* to determine whether the district court correctly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in the City of N.Y.*, 131 F.3d 305, 312 (2d Cir. 1997)) (internal quotation marks omitted).

II

A. Liability

Appellants object to the district court's liability determination on three principal grounds. They contend first that there were genuine issues of material fact regarding whether Plumbing was bound by the CBAs during the Audit Period. They next maintain that the district court improperly accepted a stipulation that Plumbing and Contracting were alter egos. Finally they contest whether Stein and Szapiro were ERISA fiduciaries of any of the Funds' assets and, if so, whether there was any evidence that they breached their duties.

Appellants' contention that the district court overlooked Stein's sworn statements regarding Plumbing's intent not to be bound by the CBAs is unpersuasive. Summary judgment is

5

inappropriate only if there are genuine issues of material fact. Private, subjective intent, however, is not material to whether a binding agreement existed. *See*, *e.g.*, *Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997); *Rule v. Brine, Inc.*, 85 F.3d 1002, 1010 (2d Cir. 1996) ("[T]he question of whether or not a binding contract exists 'is not dependent on the subjective intent' of either party.") (quoting *Brown Bros. Elec. Contractors, Inc. v. Beam Constr. Corp.*, 41 N.Y.2d 397, 399 (1977)); *see also Robbins v. Lynch*, 836 F.2d 330, 332 (7th Cir. 1988).

The district court properly determined also that Stein and Szapiro were fiduciaries of the Funds. Moreover, contrary to appellants' arguments, there was uncontested evidence that they had exclusive control over Plumbing and Contracting, respectively, thus warranting the imposition of personal liability.

Finally, the district court was justified in accepting and relying on the parties' alter ego stipulation. *See Fisher v. First Stamford Bank & Trust Co.*, 751 F.2d 519, 523 (2d Cir. 1984) ("a stipulation of fact that is fairly entered into is controlling on the parties and the court is bound to enforce it") (citing *Stanley Works v. F.T.C.*, 469 F.2d 498, 506 (2d Cir. 1972)); *PPX Enters., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir. 1984) ("Under federal law, stipulations . . . are generally binding on the parties and the Court.") (internal quotation marks omitted).

### B. Damages

Appellants object also to the damage award. They argue that the district court erred by (1) shifting to them the burden of proof on damages and (2) concluding that there were no disputed issues of material fact.

The district court determined the amount of appellants' unpaid contributions based

solely on a Marshall & Moss audit of Plumbing and Contracting. The Contracting audit was premised explicitly on an assumption that all work performed by all Contracting employees at all times was covered by the CBAs. Szapiro, however, testified in his deposition that Contracting did work "other than plumbing," including sprinkler and air conditioning work. He testified also that plumbing "may be more, may be less" than fifty percent of Contracting's work, but that the company did "a lot of sprinkler work." The district court nevertheless granted summary judgment because appellants had failed to adduce documentary evidence contradicting the audit report.

In so doing, the district court relied on a line of cases originating with *Combs v. King*, 764 F.2d 818 (11th Cir. 1988). Under this burden-shifting rule, a plaintiff first must show (a) improper record-keeping by the defendants, (b) that employees performed work for which they were improperly compensated, and (c) "the amount and extent of that work as a matter of just and reasonable inference," before the burden shifts. *Id* at 826 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If it sustains that burden, the onus shifts to the employer-defendant to disprove damages. *Id.*

We have not addressed whether the *Combs* burden-shifting rule – as distinguished from the more traditional principle that the plaintiff bears the burden of proving damages – applies in ERISA cases where an employer has not maintained records sufficient to determine whether a CBA covers a given employee's work at a particular time. *See*, *e.g.*, *La Barbera v. J.D. Collyer Equip. Corp.*, 337 F.3d 132, 139 n.3 (2d Cir. 2003) (noting other courts' adoption of burden-shifting in these circumstances). It is unnecessary to resolve that issue in this case, however, because summary judgment was inappropriate as to damages under either the traditional or *Combs* standard.

Szapiro's testimony that Contracting did non-plumbing, and therefore non-covered,

7

work and that the extent of such work may have been more than 50 percent of its business certainly would have precluded summary judgment under the traditional rule. Plaintiffs, after all, offered no evidence as to the amount of covered work, relying instead only on its auditor's assumption that all of the work had been covered. But summary judgment as to damages would have been unwarranted even if the case were governed by *Combs* because the burden-shifting rule it adopted does not take effect until "an employee carries his burden . . . [of] produc[ing] sufficient evidence to show that amount and extent of that [covered] work as a matter of just and reasonable inference." Here, however, plaintiffs offered no evidence from which any inference, let alone a "just and reasonable" one, could be drawn to the effect that all of the work done by Contracting had been covered by the CBAs. They elected to rely exclusively on the auditor's report, which in turn rested on a bald and unsupported assumption to that effect.

III

We have considered carefully appellant's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** with respect to the issue of liability, but the judgement is **VACATED** and the case **REMANDED** for a determination of damages.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8