*Cement and Concrete Workers District Council Welfare Fund, et al. v. Manny P. Concrete Co., Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2024

(Argued: November 21, 2024        Decided: July 21, 2025)

No. 23-1030

_____

CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL WELFARE FUND, CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL PENSION FUND, CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL ANNUITY FUND, CEMENT AND CONCRETE WORKERS TRAINING AND APPRENTICESHIP FUND, CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL SCHOLARSHIP FUND, MARGARET BOWEN, IN HER FIDUCIARY CAPACITY AS FUNDS ADMINISTRATOR, CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL,

*Plaintiffs - Appellees,*

V.

MANNY P. CONCRETE CO., INC., AND MANNY P. CON INDUSTRIES, INC.,

*Defendants - Appellants,*
_____

Before:        LIVINGSTON, Chief Judge, JACOBS, and MENASHI, Circuit Judges.

Defendants-Appellants Manny P. Concrete Co., Inc. and Manny P. Con Industries, Inc. appeal from a decision and order of the United States District Court for the Eastern District of New York (Kuntz, *J.*), entered on June 9, 2023, granting summary judgment in favor of Plaintiffs-Appellees Cement and Concrete Workers

1

District Council Welfare Fund; Cement and Concrete Workers District Council Pension Fund; Cement and Concrete Workers District Council Annuity Fund; Cement and Concrete Workers Training and Apprenticeship Fund; Cement and Concrete Workers District Council Scholarship Fund; Margaret Brown in her fiduciary capacity as Funds Administrator; and Cement and Concrete Workers District Council, on their claims for relief pursuant principally to Section 515 of ERISA, 29 U.S.C. § 1145. On appeal, defendants challenge the district court's conclusions that (1) the matters within plaintiffs' requests for admissions should be deemed admitted based on defendants' failure to respond; and (2) there are no genuine disputes of material fact such that plaintiffs are entitled to summary judgment. We hold that, pursuant to Federal Rule of Civil Procedure 36, plaintiffs properly requested admissions regarding facts and/or the application of law to fact. As a result, defendants were required to respond, and the district court did not err in construing defendants' failure timely to do so as their implied admission as to the contents of the requests. Nor did the district court err in determining that, based in part on defendants' implied admissions, plaintiffs were entitled to summary judgment. Accordingly, we **AFFIRM** the judgment of the district court.

FOR DEFENDANTS-APPELLANTS:      CARMELO GRIMALDI, Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY.

FOR PLAINTIFFS-APPELLEES:      DENNIS M. LYONS, Gorlick, Kravitz & Lithaus, P.C., New York, NY.

DEBRA ANN LIVINGSTON, *Chief Judge*:

Plaintiffs-Appellees the Funds,[1] Margaret Brown in her fiduciary capacity

as Funds Administrator, and Cement and Concrete Workers District Council (the

---

[1] The Funds are the Cement and Concrete Workers District Council Welfare Fund; Cement and Concrete Workers District Council Pension Fund; Cement and Concrete Workers District Council Annuity Fund; Cement and Concrete Workers Training and Apprenticeship Fund; and the Cement and Concrete Workers District Council Scholarship Fund.

"Union") (collectively, "Plaintiffs") sued Defendants-Appellants Manny P. Concrete Co., Inc. ("Manny P") and Manny P. Con Industries, Inc. ("Manny P Con") (collectively, "Defendants") for, *inter alia*, failing to make fringe benefit contributions to the Funds pursuant to a collective bargaining agreement ("CBA") between the Union and Manny P. During discovery, Plaintiffs served Manny P with various requests for admissions and documents, many of which were belatedly or never answered. The district court ultimately granted Plaintiffs' motion for summary judgment.

On appeal, Defendants challenge the district court's conclusions that (1) the matters within Plaintiffs' Requests for Admissions should be deemed admitted based on Defendants' failure timely to respond; and (2) there are no genuine disputes of material fact such that Plaintiffs are entitled to summary judgment. Neither challenge is availing. We **AFFIRM** the judgment of the district court for the reasons below.

**Factual Background**

Plaintiffs are the Funds (*i.e.,* five jointly administered, multi-employer, labor-management trust funds); Margaret Bowen, in her fiduciary capacity as Funds Administrator; and the Union. App'x 58-59, 908. The Union is affiliated with the Laborers International Union of North America and enters into collective

3

bargaining agreements for itself and on behalf of its constituent local unions with various employers in the building and construction industry. *Id.* The Union's agreements apply to unskilled and semi-skilled construction work performed by laborers. *Id.* Pursuant to these agreements, employers contribute to the Funds which, in turn, provide fringe benefits to eligible employees. *Id.* The Union also collects checkoffs from employees who authorize their employers to deduct dues and contributions to the Organizer Fund and the New York State Laborers' Political Action Committee ("NYSLPAC") from their wages and remit the checkoffs to the Union. *Id.*

Manny P entered into the CBA with the Union on April 3, 2014. App'x 62, 909. The CBA requires Manny P to make fringe benefit contributions to the Funds for every hour of work performed by its employees within the trade and geographic jurisdiction of the CBA ("Covered Work"). App'x 756-72. It also requires Manny P to deduct and remit authorized dues and certain specified contributions from the wages of employees performing Covered Work. App'x 63, 909. The terms and conditions of the CBA are applicable to all Covered Work that Manny P performs for itself or under the name of another, as a corporation,

4

company, partnership or any other business entity, where the two enterprises have substantially identical ownership. App'x 64, 909.

On June 18, 2019, the Funds' auditor (the "Auditor") conducted an audit of Manny P's books and records for the period of March 25, 2015, through December 31, 2018. App'x 66, 909. The audit revealed that Manny P owed $617,383.97 in fringe benefit contributions and $76,924.38 in dues checkoffs for a total deficiency of $694,308.35 for this period. App'x 68, 909. Of the total deficiency, $297,587.97 came from principal delinquent contributions and checkoffs based on Covered Work performed by 12 specified Manny P employees.[2] *Id.* Another $44,535.74 came from delinquent contributions and checkoffs based on payments to Manny P Con for Covered Work. App'x 69, 909. An additional $352,184.64 came from delinquent contributions based on payments to Perkan Concrete Corp for Covered Work. *Id.*

**Procedural Background**

On April 11, 2019, Plaintiffs filed a complaint and subsequently filed an Amended Complaint on September 6, 2019. On November 1, 2019, the parties

---

[2] Manny P's certified payroll reports identify the following 12 employees as "Laborer[s]": Joao Alves, Joao Castelo, Louie Morico, Brandon Pereira, Michael Pereira, Angel Godinez, Rafael Carrasquilo, Salvador Landaverde, Rudis Lopez, Eduardo Sigaran, Fernando Villafane, and Eric Smokes. App'x 67, 909.

submitted a joint letter proposing a schedule for completing discovery, which the district court approved on November 4, 2019.

The discovery disputes in this case are legion, principally resulting from Defendants' failure to meet numerous production deadlines. Plaintiffs served Manny P with the following requests: (1) First Set of Interrogatories; (2) First Request for Documents; (3) Second Set of Interrogatories; (4) Second Request for Documents; and (5) Request for Admissions. Manny P did not timely respond to any request. Ultimately, it never responded to the Request for Admissions; only partially provided documents responsive to the First Request for Documents upon threat of default; responded to the First Set of Interrogatories four months after service; provided written responses to the First Request for Documents nearly 14 months after service; and only responded to the Second Set of Interrogatories and Second Request for Documents nearly 11 months after service.

Plaintiffs also served Manny P Con with: (1) a subpoena seeking documents/information relating to payments from Manny P to Manny P Con; (2) First Set of Interrogatories; (3) First Request for Documents; and (4) Request for Admissions. Manny P Con did not timely respond to any of the requests.

6

Ultimately, it never responded to the subpoena and responded late to the remaining three requests.

Finally, Plaintiffs sought, and were granted, sanctions against Defendants based on these discovery violations. On December 18, 2020, the district court ordered that "Defendant [Manny P] and Manny P Con are precluded from relying upon any documents in their possession, custody[,] or control that they have not yet produced in discovery." App'x 74, 909.

On October 8, 2021, Plaintiffs filed a motion for summary judgment. In opposition, Defendants did not contest that they owe some amount of money to the Funds. However, they argued that five of the individuals identified as performing Covered Work by the Funds' audit in fact performed drainage work, for which Defendants were not obligated to contribute to the Funds. In addition, Defendants attributed their failure to respond to the Request for Admissions served on Manny P, as well as their late response to the Request served on Manny P Con, to the illness of their prior attorney.

The district court granted Plaintiffs' motion for summary judgment. The court construed Defendants' failure timely to respond to Plaintiffs' Requests for Admissions as their implied admission as to the contents of the requests, noting

7

that to decline to do so would "subvert the purposes of Rule 36 and greatly prejudice Plaintiffs[,] considering discovery closed nearly two years ago."  App'x 1380.  It further concluded that "Defendant Manny P, both through its Rule 36 admissions and Counter 56.1 Statement, has acknowledged the terms of the CBA and . . . has admitted to breaching these terms by conceding to the accuracy of the findings of the audits."  App'x 1383.  This appeal followed.

## DISCUSSION

On appeal, Defendants argue that the district court erred by: (1) deeming the matters in Plaintiffs' Requests for Admissions as admitted based on Defendants' failure timely to respond; and (2) granting Plaintiffs' motion for summary judgment despite Defendants' argument that Plaintiffs' audit improperly included five workers who allegedly did not perform "Covered Work" within the meaning of the relevant agreements.  Defendants are wrong on both counts.

## I.     Defendants' Implied Admissions Pursuant to FRCP 36

A district court's decision to deem matters admitted pursuant to Federal Rule of Civil Procedure 36 is reviewed for abuse of discretion.  *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 651-52 (2d Cir. 1983) ("Under Rule 36(b), the decision to excuse the defendant from its admissions is in the court's discretion."), *rejected on*

*other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988); *S.E.C. v. Dynasty Fund, Ltd.*, 121 F. App'x 410, 411 (2d Cir. 2005) (reviewing a district court's decision declining to excuse a party from its admissions under Rule 36(b) for abuse of discretion); *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("We review a district court's denial of a motion to withdraw or amend a Rule 36 admission for an abuse of discretion."). Here, Defendants argue that (1) they were not required to answer requests that sought legal conclusions; and (2) the district court abused its discretion by deeming Plaintiffs' Requests for Admissions admitted based on Defendants' failure timely to respond and by declining to permit Defendants to withdraw or amend these admissions pursuant to Rule 36(b). Neither argument is availing.

First, the district court correctly determined that Plaintiffs' Requests for Admissions "s[ought] only admissions of *fact*, which are appropriate under Rule 36." App'x 1379; *see, e.g.*, App'x 276 ¶ 5 (asking Manny P to admit/deny that it "entered into [an] [i]ndependent collective bargaining agreement with the Union" on a certain date). Defendants point to some examples of requests that they urge call for legal conclusions (*i.e.*, whether certain work constituted "Covered Work," and whether the work triggered Defendants' obligations to pay contributions to

9

the Funds), but these requests were primarily factual in nature and at most involved the application of law to fact. Rule 36 explicitly provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, *the application of law to fact*, or opinions about either[.]"  Fed. R. Civ. P. 36(a)(1) (emphasis added).[3]  The Advisory Committee Notes following Rule 36 confirm that, while the rule "does not authorize requests for admissions of law unrelated to the facts of the case," a request "may be made to admit . . . the application of law to fact."  Fed. R. Civ. P. 36 Advisory Committee Note to the 1970 amendment.  *But cf. Syracuse Broad. Corp. v. NewHouse*, 271 F.2d 910, 917 (2d. Cir. 1959) (discussing earlier versions of Rule 36 that lacked this language, and holding that requests for admissions must relate to "essentially undisputed and peripheral issues of fact").  Indeed, "[a]n admission of a matter involving the application of law to fact may, in a given case, [] more clearly narrow the issues" that must be resolved at trial.  Fed. R. Civ. P. 36 Advisory Committee Note to the 1970 amendment.  Such was the case here.

---

[3] Federal Rule of Civil Procedure 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."

Nor did the district court abuse its discretion by refusing to allow Defendants to withdraw or amend their admissions. Rule 36(b) provides that "the court *may* permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b) (emphasis added). However, "the decision to excuse the defendant from its admissions is [ultimately] in the court's discretion." *Donovan*, 703 F.2d at 651-52. Here, Manny P never responded to Plaintiffs' Request for Admissions and Defendants never actually moved to withdraw or amend below. While Defendants attribute this failure to the medical issues of their former counsel, the district court correctly noted that Defendants continued to ignore the request served on Manny P through the close of discovery, more than a year after Defendants' replacement counsel took over the case. *See* App'x 1380. The district court determined that, "considering discovery closed nearly two years ago," permitting Defendants to void their admissions "would subvert the purposes of Rule 36 and greatly prejudice Plaintiffs." *Id.* Given that "[district] court[s] [are] not required to make an exception to Rule 36 *even if* both the merits and prejudice

11

issues cut in favor of the party seeking exception," the district court acted well within its discretion in this case. *Donovan*, 703 F.2d at 652 (emphasis added).

## II.      Summary Judgment

Defendants next argue that the district court erred by granting Plaintiffs' motion for summary judgment because there remain genuine disputes of material fact regarding damages. Specifically, Defendants argue that the district court "failed to determine whether [] five individuals [Brandon Pereira, Michael Pereira, Louie Morico, Joao Alves, and Joao Castelo (the "Disputed Workers")] were improperly included in [Plaintiffs'] audit." Dkt. 77 at 27. In support, they cite documents they produced in discovery that purportedly "specif[y] that the[] [Disputed Workers] were members of Local 1010" and "did not perform covered work." *Id.* at 28. For the following reasons, we again disagree.

We review the district court's rulings on summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party. *Jones v. County of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, we will affirm a grant of summary judgment "only where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law," *id.* (internal quotation marks omitted), or in other words,

12

where no reasonable jury could return a verdict for the nonmoving party, *see Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Notably, "[i]t appears well settled that a failure to respond to a request to admit will permit the [d]istrict [c]ourt to enter summary judgment if the facts as admitted are dispositive." *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966). Additionally, the December 18, 2020, order in this case precludes Defendants from relying upon "any documents in their possession, custody, or control that they have not yet produced in discovery."[4] App'x 19.

Defendants do not contest that "[o]n or about April 3, 2014, Manny P entered into an [i]ndependent collective bargaining agreement ('CBA') with the Union" and that the CBA "remains in effect." App'x 29 ¶¶ 15, 17; App'x 909 ¶¶ 15, 17. The CBA required Manny P to "make fringe benefit contributions to the Funds for every hour of work performed by [Manny P's] employees within the trade and geographic jurisdiction of the CBA ('Covered Work')" and additionally "require[d] signatory employers to deduct and remit authorized dues, Organizer Fund and NYSLPAC contributions from the wages of all employees performing

---

[4] Defendants have not challenged the district court's December 18, 2020, sanctions order on appeal.

Covered Work."[5]  App'x 558 ¶¶ 12-13; App'x 277 ¶ 9 (Manny P's implied admission).  Nor do Defendants contest that they failed to make contributions for various hours of work performed by Manny P's employees.  Dkt. 77 at 16 (Defendants "concede[] [that the] Funds are entitled to certain contribution monies"); App'x 277-343; App'x 68-69 ¶¶ 62-67; App'x 909 ¶¶ 62-67 (conceding that the audit revealed Manny P was delinquent in the remittance of fringe benefit contributions and dues checkoffs for Covered Work).

While Defendants argue that the audit improperly included work performed by the Disputed Workers, inflating Defendants' damages, they failed to provide evidence before the district court raising a genuine dispute of material fact on this issue.  *See Robinson v. Sanctuary Rec. Groups, Ltd.*, 826 F. Supp. 2d 570, 574 (S.D.N.Y. 2011) ("The party opposing summary judgment must come forward with materials setting forth specific facts showing that there is a genuine issue of material fact[.]") (citing *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996)).  By failing timely to respond to Plaintiffs' Requests for Admissions, Defendants admitted that all five of the Disputed Workers performed "Covered Work for

---

[5] While Defendants disputed this fact in their Counterstatement of Material Facts, they did not provide any basis for their dispute.  *See* App'x 909 ¶ 18.  Moreover, the terms of the CBA speak for themselves.  *See* App'x 756-72 (Article XI of the CBA providing for "Fringe Benefit Contributions").

14

Manny P," thereby triggering Defendants' contribution obligations. *See, e.g.*, App'x 314 ¶ 497 ("Brandon Pereira performed 8 hours of Covered Work for Manny P in December 2018 that Manny P did not report to the Funds"); App'x 315 ¶ 507 ("Michael Pereira performed 39.5 hours of Covered Work for Manny P in September 2015 that Manny P did not report to the Funds"); App'x 311 ¶ 457 ("Louie Morico performed 145.5 hours of Covered Work for Manny P in September 2015 that Manny P did not report to the Funds"); App'x 278 ¶ 22 ("Joao Alves performed 146 hours of Covered Work for Manny P in April 2015 that Manny P did not report to the Funds"); App'x 289 ¶ 177 ("Joao Castelo performed 80 hours of Covered Work for Manny P in March 2015 that Manny P did not report to the Funds").

Defendants rely chiefly on three sets of documents: the Marked Audit Report, App'x 1320-46; Manny Pereira's affidavit, App'x 911-14; and the Certified Payrolls, App'x 917-1319. None raises a genuine dispute of material fact. First, Defendants may not rely upon the Marked Audit Report as it was not produced prior to the district court's December 18, 2020, sanctions order. App'x 74 ¶ 105; App'x 909 ¶ 105. Even if the Marked Audit Report *were* admissible, moreover, the report appears to be a copy of Plaintiffs' audit with handwritten notes simply

15

stating that the Disputed Workers belong to a different union. App'x 1320-46.

Second, Manny Pereira's affidavit similarly includes mere conclusory statements

suggesting the Disputed Workers "did not perform Local 20 bargaining unit

work." App'x 912. Such notes and conclusory statements do not create a genuine

dispute of material fact. *See Robinson*, 826 F. Supp. 2d at 574 ("[T]he opposing party

cannot defeat summary judgment by relying on allegations in the complaint,

conclusory statements, or mere assertions *that affidavits supporting the motion are*

*credible.*") (emphasis added). Third, while the Certified Payrolls provide some

support for Defendants' contention that at least some of the Disputed Workers

were members of Local 1010, not Local 20, *see, e.g.*, App'x 919 (designating Joao

Castelo and Joao Alves as members of "U 1010"); App'x 412-13 (designating

Brandon Pereira and Michael Pereira as members of "1010"), they do not raise a

genuine dispute of material fact because Defendants' admissions "conclusively

established" that each of the Disputed Workers performed Covered Work for

Manny P, Fed. R. Civ. P. 36(b); *see also In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)

("Since Rule 36 admissions, whether express or by default, are conclusive as to the

matters admitted, they cannot be overcome at the summary judgment stage by

contradictory affidavit testimony or other evidence in the summary judgment

16

record."). Moreover, the Certified Payrolls do not describe the specific type of work performed by each individual worker and thus do not support Defendants' claim that the Disputed Workers were working on "drainage" rather than "masonry." *See* App'x 917-1319. Accordingly, we discern no error in the district court's decision granting Plaintiffs' motion for summary judgment.[6]

## CONCLUSION

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

---

[6] In light of our disposition here, we need not address Plaintiffs' argument regarding *Combs v. King*, 764 F.2d 818 (11th Cir. 1985), in which the Eleventh Circuit set out a framework for ERISA cases whereby an employer who fails to keep proper records bears the burden of disproving an employee's evidence of improper compensation for performed work. *See Reilly v. Reem Contracting Corp.*, 380 F. App'x 16, 20 (2d Cir. 2010) (noting that "[w]e have not addressed whether the *Combs* burden-shifting rule—as distinguished from the more traditional principle that the plaintiff bears the burden of proving damages—applies in ERISA cases where an employer has not maintained [sufficient] records" but ultimately finding that "[i]t is unnecessary to resolve that issue in this case [] because summary judgment was inappropriate as to damages under either the traditional or *Combs* standard"); *Mastrandrea v. Nassau Land Improvement Co.*, 182 F.3d 900 (2d Cir. 1999) ("The instant case does not require us to decide whether the *Combs* standard is, or should be, the law of this circuit.").